UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JASDEV SINGH,                          )
    #64003-097,                        )
    Plaintiff,                         )
v.                                     )        Civil Action No. 1:12-cv-00498-AWI-SKO
                                       )
UNITED STATES DEPARTMENT               )
OF HOMELAND SECURITY, ET AL.,          )
                                       )
Defendants.                            )

## DECLARATION OF RALPH MILLER

      I, the undersigned, Ralph Miller, do hereby make the following declaration, pertinent to the above-styled and numbered case:

1.    I am currently employed as a Senior Designator by Federal Bureau of Prisons (BOP) at the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas.  I have been employed by the BOP for eighteen years and ten months.

2.    In my capacity as Senior Designator, I have access to BOP records kept in the regular course of business, including records relevant to an inmate's designation.

3.    The objective of inmate classification and designation is to place each inmate in the most appropriate facility for service of his/her sentence. The Designator assigns a facility based on factors that include, but are not limited to: security level, programming needs, judicial recommendations, release residence, levels of overcrowding, Central Inmate Monitoring issues, and any other factors which may involve the inmate's confinement.

4.    According to Program Statement 5100.08, Security Designation and Custody Classification Manual, Chapter 5, Page 9, a Deportable Alien Public Safety Factor (PSF)[1] will be applied to an inmate who is not a citizen of the United States.  Attachment A.[2] The public safety factor will remain until such time that it is determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings.

5.    The Bureau of Prisons houses the majority of low security federal inmates that are non-U.S. citizens at secure private contract facilities in order to effectively manage the Bureau of Prisons' inmate population. . *See* Program Statement 5111.04, Institution Hearing Program, Attachment B.[3]  Based on the assignment of the "Alien" Public Safety

---

[1] A PSF is relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public.

[2] The full Program Statement can be viewed at: http://www.bop.gov/policy/progstat/5100_008.pdf.

[3] The full Program Statement can be viewed at: http://www.bop.gov/policy/progstat/5111_004.pdf

Factor, Plaintiff, Jasdev Singh, register number 64003-097, was initially designated on July 27, 2011, to Adams County Correctional Complex, a secure private contract facility. This designation was made in accordance with Bureau of Prisons policy.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my information and belief.

Executed this 6th day of December, 2012

_____

Ralph Miller
Senior Designator
Federal Bureau of Prisons
Designation and Computation Center
Grand Prairie, Texas

## <u>ATTACHMENT A</u>

Program Statement 5100.08

Chapter 5, Pages 7-11

## PUBLIC SAFETY FACTORS

A Public Safety Factor (PSF) is relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public.  Public Safety Factors are normally applied on the Inmate Load and Security Designation Form (BP-337) prior to an inmate's initial assignment to an institution, however, additions or deletions may be made at anytime there after via the Custody Classification Form, (BP-338).  A maximum of three PSFs may be applied, however if more than three apply, those which would provide the greatest security and public safety will be utilized.

| CODE | PSF - DESCRIPTION |
| --- | --- |

**A**         **None.**  No Public Safety Factors apply.

**B**         **Disruptive Group.**  A **male** inmate who is a validated member of a Disruptive Group identified in the Central Inmate Monitoring System will be housed in a High security level institution, unless the PSF has been waived.

At the time of initial designation, if the Presentence Investigation Report or other documentation identifies the inmate as a possible member of one of the Central Inmate Monitoring Disruptive Groups, DSCC staff will enter a PSF on the BP-337.  However, DSCC staff will not enter the CIM assignment "Disruptive Group."  Upon loading this PSF on a not-yet-validated member, DSCC staff will (1) make a notation in the Remarks Section to indicate the need for validation upon arrival at the institution, and (2) notify the Central Office Intelligence Section, via GroupWise, to advise them of the inmate's status.  Upon the inmate's arrival at the designated institution, the intake screener will notify the institution's Special Investigation Supervisor of the inmate's PSF, to initiate the validation process.

**C**         **Greatest Severity Offense.**  A **male** inmate whose current term of confinement falls into the "Greatest Severity" range according to the Offense Severity Scale (Appendix A) will be housed in at least a Low security level institution, unless the PSF has been waived.

**CODE       PSF - DESCRIPTION**

**F**         **Sex Offender**.  A **male** or **female** inmate whose behavior
            in the current term of confinement or prior history
            includes one or more of the following elements will be
            housed in at least a Low security level institution,
            unless the PSF has been waived.  A conviction is not
            required for application of this PSF if the Presentence
            Investigation Report (PSR), or other official
            documentation, clearly indicates the following behavior
            occurred in the current term of confinement or prior
            criminal history.  If the case was dismissed or nolle
            prosequi, application of this PSF cannot be entered.
            However, in the case where an inmate was charged with
            an offense that included one of the following elements,
            but as a result of a plea bargain was not convicted,
            application of this PSF should be entered.

            **Example:**  According to the PSR, the inmate was
            specifically described as being involved in a Sexual
            Assault but pled guilty to Simple Assault.  Based on
            the documented behavior, application of this PSF should
            be entered:

            (1)  Engaging in sexual contact with another person
            without obtaining permission to do so (forcible rape,
            sexual assault or sexual battery);

            (2)  Possession, distribution or mailing of child
            pornography or related paraphernalia;

            (3)  Any sexual contact with a minor or other person
            physically or mentally incapable of granting consent
            (indecent liberties with a minor, statutory rape,
            sexual abuse of the mentally ill, rape by administering
            a drug or substance);

            (4)  Any sexual act or contact not identified above
            that is aggressive or abusive in nature (e.g., rape by
            instrument, encouraging use of a minor for prostitution
            purposes, incest, etc.).  Examples may be documented by
            state or Bureau of Prisons' incident reports, clear
            NCIC entries, or other official documentation;

            (5)  Attempts are to be treated as if the sexual act or
            contact was completed; and/or,

            (6)  Any offense referenced in the Sex Offender
            Notification and Registration Program Statement.

**CODE        PSF – DESCRIPTION**

G            **Threat to Government Officials.**  A **male** or **female**
             inmate classified with a Central Inmate Monitoring
             assignment of Threat to Government Official will be
             housed in at least a Low security level institution,
             unless the PSF has been waived.

H            **Deportable Alien.**  A male or female inmate who is not a
             citizen of the United States.  All long-term detainees
             will have this PSF applied.  When applied, the inmate
             or the long-term detainee shall be housed in at least a
             Low security level institution.

             The PSF shall not be applied, or shall be removed when
             the U.S. Immigration and Customs Enforcement (ICE) or
             the Executive Office for Immigration Review (EOIR)
             have determined that deportation proceedings are unwarranted
             or there is a finding not to deport at the completion
             of deportation proceedings.  The Institution Hearing
             Program CMA of NO IHP or IHP CMP ND will then be
             applied.  Additionally, the PSF shall not be applied if
             the inmate has been naturalized as a United States
             citizen.

I            **Sentence Length.**  A **male** inmate with more than ten
             years remaining to serve will be housed in at least a
             Low security level institution unless the PSF has been
             waived.

             A  **male** inmate with more than 20 years remaining to
             serve will be housed in at least a Medium security
             level institution, unless the PSF has been waived.

             A  **male** inmate with more than 30 years remaining to
             serve (including non-parolable LIFE sentences) will be
             housed in a High security level institution unless the
             PSF has been waived.

K            **Violent Behavior.**  A **female** inmate whose current term
             of confinement or history involves two convictions (or
             findings of commission of a prohibited act by the DHO)
             for serious incidents of violence within the last five
             years will be assigned to at least a Low security level
             institution, unless the PSF has been waived.

**CODE      PSF - DESCRIPTION**

L          **Serious Escape.**  A **female** inmate who has been involved
           in a serious escape within the last ten years,
           including the current term of confinement, will be
           assigned to the Carswell Administrative Unit, unless
           the PSF has been waived.

           A **male** inmate who has escaped from a secure facility
           (prior or instant offense) with or without the threat
           of violence or who escapes from an open institution or
           program with a threat of violence will be housed in at
           least a Medium security level institution, unless the
           PSF has been waived.

M          **Prison Disturbance.**  A **male** or **female** inmate who was
           involved in a serious incident of violence within the
           institution and was found guilty of the prohibited
           act(s) of Engaging, Encouraging a Riot, or acting in
           furtherance of such as described in, but not limited to
           institution disciplinary codes such as 103, 105, 106,
           107, 212, 213 or 218.  Such a finding must be in
           conjunction with a period of simultaneous institution
           disruptions.  Males will be housed in at least a HIGH
           security level institution and females will be assigned
           to the Carswell Administrative Unit, unless the PSF has
           been waived.

N          **Juvenile Violence.**  A **male** or **female** offender,
           currently of juvenile age, who has any documented
           single instance of violent behavior, past or present,
           which resulted in a conviction, a delinquency
           adjudication, or finding of guilt.  Violence is defined
           as aggressive behavior causing serious bodily harm or
           death or aggressive or intimidating behavior likely to
           cause serious bodily harm or death (e.g., aggravated
           assault, intimidation involving a weapon, or arson).

O          **Serious Telephone Abuse.**  A **male** or **female** inmate who
           utilizes the telephone to further criminal activities
           or promote illicit organizations and who meets the
           criteria outlined below, must be assigned a PSF for
           Serious Telephone Abuse.  A conviction is **not required**
           for the PSF if the Presentence Investigation Report
           (PSR) or other official documentation clearly indicates
           that the above behavior occurred or was attempted.  An
           inmate who meets this criteria must be housed in at

P5100.08
9/12/2006
Chapter 5, Page 11

least a Low security level institution, unless the PSF is waived.

The PSF should be entered if any **one** of the following criteria applies.

(1) PSR or comparable documentation reveals the inmate was involved in criminal activity facilitated by the telephone who:

- meets the definition of a leader/organizer or primary motivator; or

- utilized the telephone to communicate threats of bodily injury, death, assaults, or homicides; or

- utilized the telephone to conduct significant fraudulent activity (actual or attempted) in an institution; or

- leader/organizer who utilized the telephone to conduct significant fraudulent activity (actual or attempted) in the community; or,

- arranged narcotic/alcohol introductions while confined in an institution.

(2) Federal law enforcement officials or a U.S. Attorney's Office notifies the Bureau of Prisons of a significant concern and need to monitor an inmate's telephone calls;

(3) The inmate has been found guilty of a 100 or 200 level offense code for telephone abuse.

> **NOTE:** 200 level offense codes will be reviewed on a case-by-case basis.

(4) A Bureau of Prisons official has reasonable suspicion and/or documented intelligence supporting telephone abuse.

> **NOTE:** Any inmate who is assigned the Serious Telephone Abuse PSF may be subject to telephone restriction in accordance with the Telephone Regulations for Inmates Program Statement.

# **ATTACHMENT B**

Program Statement 5111.04



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD/CCB
**NUMBER:** 5111.04
**DATE:** 7/3/2006
**SUBJECT:** Institution Hearing Program

1. **PURPOSE AND SCOPE.** To outline procedures for managing and designating non-U.S. citizens who are serving federal sentences and who are eligible to participate in the Institution Hearing Program (IHP).

   ❖ The IHP is a coordinated effort by the Bureau, the Immigration and Customs Enforcement (ICE), and the Executive Office for Immigration Review (EOIR), to provide deportation, exclusion, or removal proceedings to sentenced aliens.

   This PS provides the procedures to ensure the maximum number of eligible inmates in Bureau custody participate in the IHP while serving their sentences. This process allows ICE to effect deportation immediately upon completion of an inmate's sentence.

2. **SUMMARY OF CHANGES**

   ❖ SENTRY Case Management Activity (CMA) assignments of "IHP DKT" and "IHP CMP WD" are eliminated.

   ❖ New assignments of "IHP CMPWDE" and "IHP CMPWDI" have been added.

   ❖ The CMA assignment "IHP PEND" will be applied to any inmate who requires an IHP hearing, but is not initially designated to a hearing site.

   ❖ IHP PEND and IHP PART will also be used for those cases where an inmate received an order of deportation during a previous sentence but the order needs to be reinstated by ICE. The CMA denoting "will deport" remains in place until updated with a completed reinstatement.

PS 5111.04
7/3/2006
Page 2

❖ Attachment A has been updated to include new release sites.

❖ Procedures for assigning inmates to hearing or release beds have been clarified, and the importance of reviewing CMA assignments on re-committed inmates is stressed.

❖ Length of sentence and time until projected release date are reduced for transfer referrals.

❖ The former Immigration and Naturalization Service (INS) is now referred to as Immigration and Customs Enforcement (ICE).

❖ All references to stipulated deportation procedures have been removed.

❖ All references to IHP unit assignments have been removed.

❖ FCC Oakdale is now an Enhanced IHP site and all references to its exception to the Enhanced IHP have been removed.

3. **PROGRAM OBJECTIVES.**  The expected results of this program are:

   a.  Inmates will be made available to ICE and EOIR for IHP processing prior to sentence expiration.

   b.  Eligible inmates will be identified and transferred to institutions designated as IHP Sites.

   c.  Inmates participating in the IHP will be tracked with the current CMA assignment entered in SENTRY to ensure expeditious processing.

4. **DIRECTIVES AFFECTED**

   a.  **Directives Rescinded**

       PS 5111.01    Institution Hearing Program (IHP) (4/25/97)

   b.  **Directives Referenced**

       PS 5100.07    Security Designation and Custody
                     Classification Manual (10/4/99)
       PS 5180.04    Central Inmate Monitoring Manual (8/16/96)
       PS 5300.20    Volunteers and Citizen Participation Programs
                     (6/1/99)

| | |
|---|---|
| PS 5800.13 | Inmate Systems Management Manual (6/28/02) |
| PS 7740.01 | Private Sector Secure Correctional Facilities, Oversight of (6/13/00) |
| PS 8120.02 | Work Programs for Inmates, FPI (7/19/99) |

5. **STANDARDS REFERENCED.**  None

6.  **BACKGROUND.**  The Enhanced IHP was implemented on April 25, 1997, as a cooperative effort of the Bureau, Immigration and Naturalization Service, the former INS and now ICE, and EOIR to meet the Attorney General's mandate to ensure deportation proceedings begin as expeditiously as possible after the date of conviction, and the proceedings are completed prior to the expiration of the alien's sentence.

  ❖ This reduces the federal government's detention costs and enables the Bureau to manage its population better.

7.  **DEFINITIONS**

   a.  **IHP Hearing Site.**  A Bureau or contract facility where ICE and EOIR conduct investigations and/or hearings.  At some hearing sites, the hearing room is outside the institution's secure perimeter.

   b.  **IHP Release Site.**  A Bureau or contract facility designated for inmates who are ordered deported and ordinarily where they remain until expiration of sentence.

   c.  **Administrative Deportation.**  A final deportation order, issued by ICE, which does not require a hearing before an EOIR judge.

   A hearing site will be designated for the following inmates who are eligible for Administrative deportation but have not received an actual deportation order:

      ❖ Convicted of an aggravated felony, and
      ❖ Not lawful permanent residents, and
      ❖ Not eligible for any relief from deportation.

   d.  **Judicial Deportation.**  A deportation order issued by a U.S. District Court judge.  Judicial deportation is issued only if requested by the U.S. Attorney, with the Director, Immigration and Customs Enforcement's concurrence, and only if the Court chooses to exercise this jurisdiction.

If a Judicial Deportation is ordered, but the deportation order is not provided with other designation materials, a hearing site must be designated for the inmate.  This information should be noted and the SENTRY/security/designation data screen, but Bureau staff need not attempt to obtain a deportation order.

A condition of supervision requiring the offender to report to ICE for voluntary deportation does not constitute a judicial deportation order.

e.   **Reinstatement of Prior Deportation Order.**  An alien who has been deported, but re-enters the United States may have the prior order reinstated.  However, unless the actual reinstated order is provided at the time of initial designation this information should be noted on the PPG0, and the inmate must be designated to a hearing site for processing by ICE.

f.   **Contract Detention Center.**  A facility the Bureau contracts with to house criminal aliens.  The facility may be contracted through an intergovernmental agreement (IGA) or a contract awarded through the competitive procurement process.

g.   **Detention Center Monitor.**  Bureau staff assigned to a contract detention center who manage Bureau interests, including the IHP, and who also monitor contract performance.

8.   **RESPONSIBILITIES**

a.   **Community Corrections and Detention Services Branch.**  The Community Corrections and Detention Services Branch, CCD, oversees the IHP and acts as the primary liaison with ICE and EOIR headquarters.  CCD staff are available to participate in staff assistance visits and/or program reviews.

b.   **Designators.**  Designators monitor population reports and designate/re-designate hearing and release sites for inmates.

❖   Bed space allocated for the IHP must be used for appropriate inmates.

❖   Hearing and release site facilities which are operated as IGAs will have inmates designated as directed by the region with that facility's oversight responsibility.

c.   **Regional Office and Staff.**  Regional Office staff monitor the implementation of and adherence to IHP procedures during staff assistance visits.

d.  **Case Management Coordinators (CMCs)**

> ❖   Ordinarily, serve as the local liaison between the Bureau, ICE, and EOIR, unless the Warden delegates this responsibility to another staff member.  When delegating this responsibility to other staff members, consideration should be given to the current workload.

The coordinator shall be responsible for:

> ❖   Coordinating the docket schedule to avoid conflicts with other institution events, e.g., parole hearings, Cuban Review Panel hearings, visiting days;

> ❖   Ensuring inmates docketed for hearings are placed on call-out;

> ❖   Ensuring referrals are submitted for inmates who require transfer to hearing or release sites;

> ❖   Receiving and distributing hearing decisions;

> ❖   Verifying the accuracy of SENTRY CMA assignments for the IHP;

> ❖   Providing training in all IHP issues to appropriate staff;

> ❖   Meeting quarterly with ICE and EOIR representatives at hearing sites; and

> ❖   Ensuring the number of non-U.S. citizens at their institution is within a manageable level and reporting concerns to designations staff.

e.  **Case Managers**

> ❖   Load and update the CMA assignments for the IHP;

> ❖   Determine if transfer to a hearing and/or release site is required, and prepare a request for re-designation, if needed; mass re-designation forms may be used at hearing and release sites;

> ❖   Review an inmate's custody classification for removal of the Alien Public Safety Factor and possible custody reduction following a decision not to deport;

❖ Follow appropriate Central Inmate Monitoring (CIM) procedures when inmates are escorted to a hearing room at an adjacent institution.

f. **Inmate Systems Management (ISM).** ISM staff at Hearing Sites:

❖ Notify ICE upon an alien's arrival;

❖ Make appropriate documents available for ICE to copy from the Judgment and Commitment (J&C) File; and

❖ Process inmates into ICE custody for hearings at adjacent institutions.

g. **Hearing Sites.** Each hearing site will develop procedures to provide training to ICE and EOIR on-site staff consistent with that provided to volunteers. Refer to the Program Statement on Volunteers and Citizen Participation Programs.

h. **Community Corrections Managers (CCMs).** Ensure any available information regarding Administrative or Judicial Deportation Orders is noted on the Inmate Load and Security Designation form at initial designation.

Detention Center Monitors will ensure the Case Management and ISM responsibilities are completed for inmates housed at Contract Detention Centers.

9. **INITIAL DESIGNATION PROCEDURES.** New commitments without deportation orders will be designated in accordance with the procedures below.

a. **Inmates Serving Sentences of 60 Months or Less.** A hearing site will be designated for these inmates as bedspace availability permits. If a hearing site is not designated, the reasons will be documented on the Inmate Load and Security Designation form; e.g., NEEDS IHP, NO BEDSPACE AVAILABLE AT IHP SITE.

b. **Inmates Serving Sentences of More than 60 Months.** Ordinarily, an institution will be designated according to standard procedures. However, if it appears that jail credit will result in a release date within 48-60 months, a hearing site should be designated for the inmate.

Normally, an inmate for whom a hearing site was not designated will have a re-designation request initiated when the inmate is within 48-60 months of release.  This should be documented on the Inmate Load and Security Designation form, e.g., NEEDS IHP, SUBMIT TRF REQUEST WHEN 48 - 60 MOS. REMAIN TO SERVE.

10.  **RE-DESIGNATION PROCEDURES.  Inmates not having a hearing site designated.**

Normally, a referral for transfer to a hearing site will be submitted when an inmate has between 48-60 months remaining to serve.  If the Designator is still unable to re-designate a hearing site for the inmate, justification will be entered on the CMC Clearance and Separatee Data form and retained in the Inmate Central File.

ICE will process inmates who were not redesignated to a hearing site at sentence expiration.

11.  **HEARING/RELEASE SITE PROCEDURES**

   a.  **Hearing Dockets.**  EOIR will provide a copy of the calendar docket to the CMC, or designated staff member, approximately one week prior to the hearings.  ICE and EOIR will coordinate and complete the deportation or exclusion hearings.

   b.  **Hearing Room.**  The Warden will make available a suitable room for EOIR judge(s) or video teleconference equipment to conduct hearings.  If new construction is needed, the Warden will contact the CCD Administrator, who will coordinate with ICE Headquarters to cover the construction costs.

   c.  **Public Hearings.**  IHP hearings are considered public.  An inmate's family members, friends, the media, and the public are eligible to attend.

   ❖   If an inmate wishes to have representatives attend his or her hearing, he/she must give at least one week's advance notice to unit staff.

   ❖   Local procedures will be established with EOIR when visitors are planning to attend a hearing.  While Wardens at hearing sites are to work closely with ICE and EOIR to allow public access to the hearings, the Warden will make the final decision regarding entrance of visitors.

   d.  **Hearing Decisions.**  When the hearing is concluded, ICE or
EOIR staff will provide a copy of the hearing decision to
institution staff and to the inmate.  If a copy is not provided
when the hearing concludes, one should be requested from the
local ICE liaison.  If EOIR issues a delayed decision, a copy of
the order will be mailed to institution staff and the inmate,
with a copy placed in the Inmate Central file.

   e.  **Transfers from Hearing or Release Sites**

      (1)  **Inmates Not Ordered Deported.**  If deportation is not
           ordered, ICE will remove its detainer and provide
           written documentation to institution staff, which will
           be retained in the J&C and Inmate Central Files.

         (a)  **12 Months or Less Until Expiration of Sentence.**
              Inmates will normally remain at the hearing site
              for release processing (e.g., to CCC) and be
              assigned to general population.

         (b)  **More than 12 Months Until Expiration of Sentence.**
              Inmates will be transferred to general population
              at the hearing site or be referred for re-
              designation to any appropriate institution.

      (2)  **Inmates Ordered Deported.**  Release beds at hearing
           sites will be used primarily for inmates with 12 months
           or less until expiration of sentence. Ordinarily, once
           moved to a release site, an inmate will remain there
           until his or her sentence expires.

           As more release beds become available, hearing site
           institutions may refer inmates with less than 12 months
           remaining to release-only sites to prevent delaying the
           hearing process.  Considerations should include the
           proximity of release sites and availability of
           transportation to release sites.

         (a)  **12 Months or Less Until Expiration of Sentence.**
              Inmates should be moved to a release bed at the
              hearing site, where they will normally remain for
              release processing.

         (b)  **More than 12 Months Until Expiration of Sentence.**
              Inmates should be referred for redesignation to a
              release site, normally an IHP facility with
              release beds only.

(3) **Management Concerns.** A transfer referral to **any** appropriate institution may be submitted for justifiable reasons, such as CIM concerns and disciplinary or medical problems. If the inmate is unable to return to an IHP site prior to expiration of sentence, ICE will assume custody at expiration of sentence.

(4) **Medical Concerns.** Inmates requiring medical and/or psychiatric care shall be submitted for designation or redesignation under normal procedures. The referral to the medical designator will indicate the inmate's IHP status, e.g., NEEDS IHP HEARING; ORDERED DEPORTED - NEEDS RELEASE SITE; IHP COMPLETE - NOT ORDERED DEPORTED.

Following completion of treatment, placement should be made at a hearing or release site. If a transfer to a medical center is for short-term purposes, e.g., surgery with return to parent institution, the CMC at the sending institution will advise ICE that the inmate is expected to return to the parent institution.

(5) **Program Participation.** Normally, inmates at hearing sites pending a hearing and inmates at release sites with orders of deportation will not be considered for transfer for program participation or for nearer release purposes.

(6) **Transfer to ICE Custody for the Hearing Process.** A Memorandum of Understanding contains instructions regarding the release of inmates to ICE custody at facilities where the courtroom is outside the institution's secure perimeter. Procedures for transferring inmates with CIM assignments to ICE custody for hearings are contained in the CIM Manual.

12. **OTHER CONSIDERATIONS**

a. **Detainers.** Detainers and/or state sentences (concurrent or consecutive) do not affect IHP participation.

b. **Administrative or Judicial Deportation Orders.** An Administrative or Judicial Deportation can be ordered prior to initial designation or can be given after an institution is designated for an inmate.

(1)  If deportation has been ordered prior to initial designation, ICE will provide a copy of the deportation order to the USMS, which will be forwarded to the CCM office, along with the request for designation.  It will be noted on the Inmate Load and Security Designation form.

   (a)  Ordinarily, a release site will be designated for inmates with less than 60 months remaining to serve.

   (b)  Ordinarily, any appropriate institution will be designated for inmates with 60 months or more remaining to serve.

   ❖  It will be noted on the Inmate Load and Security Designation form (BP-337) that the inmate should be referred for re-designation to a release site between 48-60 months of release.

(2)  If an Administrative or Judicial Deportation is ordered after initial designation for an inmate not at a hearing site, the inmate will be transferred to a release site.

   (a)  Ordinarily, a release site will be designated for inmates with less than 60 months remaining to serve.

   (b)  Ordinarily, any appropriate institution will be designated for inmates with 60 months or more remaining to serve.  The inmate should then be referred for redesignation to a release site between 48-60 months of release.

(3)  The appropriate CMA assignment will be entered once the unit team is made aware of the deportation order.

   c.  **Determination of Hearing/Release Site.**  To expedite ICE deportation, whenever possible, a site close to the eventual area of deportation should be designated for inmates.

   For example, Eastern Canadian and European citizens should be housed in the Northeast Region; Mexican and Central and South American citizens should be housed in the South Central or Western Region.

d.  **Other.**  Inmates not falling under the above guidelines will be referred to CCD for further guidance and direction.

13.  **COORDINATION WITH ICE**

a.  **ICE Detainers.**  The ICE Officer-in-Charge at the local ICE office will coordinate with institution staff to monitor the inmate population and identify aliens appropriate for the IHP. ICE will lodge a detainer if one has not previously been lodged.

b.  **Appeals.**  Ordinarily, appeals of deportation decisions do not require in-person hearings.

❖   Inmates appealing a deportation decision may be transferred to a Release Site prior to receiving the final deportation order or appeal decision.  The CMA assignment will be updated.

❖   If the decision is overturned on appeal, the local ICE office will remove the detainer and notify the institution.  The CMA assignment will be updated to reflect the new decision.

❖   EOIR provides appeal forms.  Inmates at non-hearing sites should be advised to request appeal forms from:

Board of Immigration Appeals
PO Box 8530
Falls Church VA  22041

14.  **SENTRY CMA ASSIGNMENTS.**  The following CMA assignments will be loaded to track an inmate's IHP status.  Staff involved in IHP proceedings may request access to the ICE Database system (DACS and CIS) through CCD.

a.  **IHP PART- IHP Participate.**  Indicates the inmate is at a hearing site, is participating in the IHP, and should not be transferred until the hearing is completed.  The CMAD is the date of the inmate's arrival at the hearing site.  Only inmates at hearing sites will have this assignment.

b.  **IHP PEND- IHP Pending.**  Indicates any inmate who requires an IHP hearing or deportation decision, but is not at a hearing site.  The CMAD is the date of arrival at the designated institution.

   c.  **NO IHP- No IHP.**  Indicates that ICE has reviewed the inmate and has no interest.  The CMAD is the date of the decision order. If loaded, this is the final and only IHP CMA assignment.

   d.  **IHP CMP WD- IHP Complete Will Deport.**  This assignment has been deactivated; however, it may still exist on older or re-committed cases.  Indicates the inmate completed the IHP process and received a deportation order.

   e.  **IHP CMPWDE- IHP Complete Will Deport EOIR.**  Indicates a deportation decision resulting from an EOIR hearing.  The CMAD is the date of the decision.

   f.  **IHP CMPWDI- IHP Complete Will Deport ICE.**  Indicates ICE issued a deportation decision, such as reinstatement or an administrative removal order.  The CMAD is the decision date.

   If a release site was designated for the inmate initially because documentation was available to indicate an order of deportation exists for the current offense, the CMA of IHP CMPWDI is entered.

   g. **IHP CMP ND- IHP Complete No Deport.**  Indicates a decision was made not to deport the inmate after a hearing was completed. The CMAD is the decision date.  If loaded, this is the final and only IHP CMA assignment.

   If an appeal decision is subsequently received, the CMA assignment and CMAD will be replaced as appropriate.

When inmates are recommitted to the Bureau, IHP CMA assignments from the previous commitment(s) must be reviewed at initial classification.  If an inmate has an order of deportation that was given during service of a previous sentence, the inmate does not have to have another hearing with EOIR.

However, that order must be reinstated, which requires ICE to conduct an interview with the inmate.  In these cases, the "will deport" CMA and CMAD should remain, but add the CMA of IHP PEND if at a non-hearing site, or IHP PART if at a hearing site, to indicate the deportation process needs action, i.e., interview by ICE needed.

Once the order is reinstated, the CMAD should be updated to the date of reinstatement and IHP PEND or PART should be removed. This will facilitate appropriate identification of inmates **not eligible for UNICOR**, as the order of deportation itself remains valid, even though it may need to be reinstated.

If an inmate is committed to the Bureau and there is written documentation from ICE or EOIR that an inmate has been issued a deportation, exclusion, or removal order, the unit team is to add the appropriate CMA of IHP CMPWDE or IHP CMPWDI with the appropriate CMAD. If the order needs reinstated, then the appropriate PEND or PART should be added.

If no order of deportation can be confirmed, ICE must initiate an investigation. CMA assignments of IHP PART or IHP PEND are to be entered until this investigation has been completed.

15. **ASSISTANCE.** Any questions regarding these matters should be directed to the Community Corrections and Detention Services Branch at (202) 307-0556.


/s/
Harley G. Lappin
Director

```
                                                      PS 5111.04
                                                       7/3/2006
                                                    Attachment A
```

### IHP SITES

The following institutions are designated as Hearing and Release
Sites.

| Institution | Hearing Site | Release Site |
|---|---|---|
| LSCI Allenwood | Yes | Yes |
| FCI Allenwood | Yes | Yes |
| USP Allenwood | Yes | Yes |
| | | |
| FCI Bastrop | No | Yes |
| FCI Big Spring | Yes | Yes |
| Big Spring Correctional Center | Yes | Yes |
| | | |
| California City Correctional Facility | No | Yes |
| FMC Carswell (female) | No | Yes |
| Cibola County Correctional Facility | No | Yes |
| | | |
| FCI Danbury (female) | Yes | Yes |
| FCI Dublin (female) | Yes | Yes |
| Giles W. Dalby Correctional Facility (Garza) | No | Yes |
| | | |
| Eden Detention Center | Yes | Yes |
| Eloy Detention Center | Yes | Yes |
| | | |
| FCI Forrest City | No | Yes |
| FCI Ft. Dix | No | **Yes** |
| | | |
| FCI La Tuna | Yes | Yes |
| FCI Lompoc | Yes | Yes |
| USP Lompoc | Yes | Yes |
| | | |
| McRae Correctional Institution | No | Yes |
| FCI Miami | No | Yes |
| | | |
| FCI Oakdale | Yes | Yes |
| | | |
| FCI Phoenix | No | Yes |
| | | |
| Reeves County Detention Center | Yes | Yes |
| | | |
| FCI Safford | No | Yes |
| FCI Seagoville | No | Yes |
| | | |
| Taft Correctional Institution | No | Yes |
| FCI Texarkana | No | Yes |
| FCI Three Rivers | No | Yes |
| FCI Tucson | No | Yes |