Jasdev Singh
Reg. No.: 64003-097
Adams County Correctional Complex
P.O. Box 1600
Washington, MS 39190.





DEC 2 6 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JASDEV SINGH,

Plaintiff,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY AND DOES 1-50,

Defendants.

_____ ///

Case No. 1:12-cv-00498-AWI-SKO

### DECLARATION OF JASDEV SINGH IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMISTRATIVE REMEDIES

I, Jasdev Singh hereby state and declare that:

1.     I am the Plaintiff in this matter, I make this declaration in support of my Response to

Defendant United States Department of Homeland Security's (DHS) Motion to Dismiss or Motion for

Summary Judgment. I have personal knowledge of the following facts, and I could and would

competently testify thereto.

2.     On June 25, 2008, AUSA Karen Escobar, at my detention hearing, in the criminal matter,

recognized:

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

1

[Singh] is not a citizen of the United States, although he is lawfully here. He was born in India , and it appears from the [pre-trial] report that I have, that should he be convicted of this offense, he would be subject to deportation if convicted.

3.      DHS Special Agent Phillip H. Maurer, was also present at my post-arrest interview on June 20, 2008 to assess whether I would be subject to deportation as a result of the conviction for a drug trafficking offense.

4.      Around June 2009, based on my review of a number of other plea agreements of subject to deportation defendants at the Fresno County Detention Center (Jail), the United States Attorney's Office for the Eastern District of California's (USAO) normal practice and procedure, when the subject to deportation defendants pled guilty to a drug offense, was to include, a subject to deportation consequence disclaimer in the Memorandums of Plea Agreement, acknowledged by those defendants.

5.      Prior to pleading guilty, it was represented to me and others, by my attorney, on a number of occasions, that based on his conversation with including, AUSA Karen Escobar, that despite my drug conviction, I would not be subject to deportation.

6.      In June 2009, as a result, in United States District Court, Eastern District of California, Case No. 1:08-CR-00212-002, I plead guilty to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), (criminal matter).

7.      Assistant United States Attorney Karen Escobar, did not include the "subject to deportation" disclaimer in the June 25, 2009, Memorandum of Plea Agreement.

8.      Assistant United States Attorney Escobar and consequently the Court did not make the "subject to deportation" statement at the June 5, 2009, Change of Plea hearing, similar to the statement that was made at the detention hearing on June 25, 2008.

9.      On July 23, 2010, through my attorney, Roger T. Nuttall, I filed a Motion to Dismiss, in

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

2

the criminal matter, notwithstanding, having entered a plea of guilty pursuant to a Plea Agreement. The

motion in relevant part alleged that I was denied, my Sixth Amendment right to counsel and due

process of law based upon facts which were discovered (subsequent to the entry of the plea) that the

Government's informant, (hereafter, "Informant"), without having disclosed his agency, as a

Government/Drug Enforcement Agency (hereafter, "DEA") informant, engaged in surreptitious

meetings with my attorney, Mr. Quade, in the company of defense investigators in Mr. Quade's office to

discuss confidential maters attendant to the defense in this case, including, but not limited to, asking a

number of questions regarding defense strategy. As such, it was asserted that the said Government

Informant directly infiltrated the preparation of the defense in violation of my most significant Sixth

Amendment right, (hereafter, "Criminal Matter Motion to Dismiss").

10.      On August 16, 2010, the Government, through the Assistant United States Attorney

Karen Escobar, filed a Request to Seal the aforesaid Criminal Matter Motion to Dismiss and Stay

Proceedings Pending Clarification from Defense Regarding the Plea Agreement. In its gobbledygook,

while the Government conceded that the informant provided information to the DEA during the

investigation, denied that the informant was signed up as a DEA informant during the investigation of

the criminal matter. But, was *later* activated as a DEA informant. Nevertheless, regardless of the

Government's semantics of whether the informant was deactivated or activated, it is undisputed that the

informant was the source of information that led to my investigation and prosecution.

11.      Independently, by virtue of the San Francisco, California, Immigration Court's April 5,

2000, Order granting my application for asylum and representations of the agents of the Department of

Homeland Security, Bureau of Immigration and Customs, Bakersfield, California; AUSA Escobar; and

defense counsel, in the criminal matter, on a number of occasions it was represented in Court and

*Singh v. DHS,* Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

3

otherwise, that I was deemed non-deportable.

12.     At the safety valve interview held on September 15, 2009,  DHS Special Agent Phillip H. Maurer, in the presence of defense counsel and AUSA Escobar, confirmed that by virtue of the San Francisco, California, Immigration Court's April 5, 2000, Order granting my application for asylum, I would not be subject to deportation as a result of my conviction for a drug trafficking offense.

13.     In fact, the *quid pro quo* from my point of view and understanding, as reconfirmed by defense counsel to the Court and AUSA Escobar, was that in addition to the negotiated term of incarceration, was his non-deportable status in order to: (1) be placed in a minimum security prison; (2) participate in the RDAP; (3) participate in a RRC; and, (4) based on my family commitments and responsibilities hoped on my family's behalf be reunited at the earliest possible time, based on the credit he would receive for participating in the aforesaid programs, was of particular concern to enter a plea of guilty and withdraw his meritorious Motion to Dismiss.

14.     Assistant United States Attorney Escobar and consequently the Court did not also make the "subject to deportation" statement on July 11, 2011, Sentencing Hearing, similar to the statement made at the Detention Hearing on June 25, 2008.

15.     The Government's aforesaid assurance that I was non-deportable was reinforced by defense counsel; AUSA Escobar; agents of the Department of Homeland Security, Bureau of Immigration and Customs, Bakersfield, California during the safety valve colloquy; the Honorable Court during the plea allocution; by the Probation Department during the pre-sentence interview and again by the Honorable Court at sentencing, to the effect that, since I was non-deportable, the Court recommended: (1) I be placed in a minimum security prison; (2) participate in the RDAP; and, (3) participate in a RRC.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

4

16.     Around September 1, 2011, I discovered, that while I was being lured into agreeing to accept the plea agreement and withdraw the Motion to Dismiss, because I, (1) would be placed in a minimum security prison; (2) participate in the RDAP; and, (3) participate in a RRC and therefore would be able to receive credit. AUSA Escobar and DHS agent had in fact negotiated in bad faith, breached their assurances, by disseminating information, not disclosed during the plea agreement negotiations, to wit: "Investigation has been initiated to determine whether this person is subject to removal from the United States," that, unbeknownst to me, during the plea agreement negotiations, triggered, the Bureau of Prisons, to categorize me with a PSF for Deportable Aliens.

17.     In fact, knowing or should have known, that if I was categorized as a Deportable Alien the resulting adverse placement would result in harsher prison conditions and an increased term incarceration as I would be, (1) prohibited from being placed in a minimum security prison; (2) prohibited from participating in the RDAP; (3) prohibited from participating in a RRC; (4) would be forced to remain in prison beyond expiration of his term while waiting for deportation proceedings, AUSA Escobar and DHS Special Agent Phillip H. Maurer continued to negotiate in bad faith. Despite my effort's to mitigate, on December 7, 2011, the DHS/ICE confirmed their violations when they informed the Bureau of Prisons via an "immigration detainer," stating in relevant part: "Investigation has been initiated to determine whether this person is subject to removal from the United States." [1]

---

1 A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent. Filing a detainer is an informal process that generally can be done by any person who has authority to take a prisoner into custody. A detainer can remain lodged against a prisoner without any action being taken on it. The filing of a detainer also indicates that the Government through Bureau of Immigration and Customs Enforcement (hereafter, "BICE") has initiated an investigation to determine whether I am subject to deportation from the United States. Attached to the Complaint as Exhibit 1, and incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said detainer.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

5

18.    Had I not been categorized with the PSF of Deportable Alien the credit, resulting in an

earlier release date, that I would have been eligible for would be:

| | | | |
|---|---|---|---|
| a. | Adjusted Offense Level | *unchanged* | 28 |
| b. | Sentence Imposed | *unchanged* | 84 Months |
| c. | Date Sentenced | | 2011-07-11 |
| d. | Full term date | | 2015-06-20 |
| e. | Pre-trial Detention Credit | | 1116 |
| f. | Good Time Out Date | | 2014-07-26 |
| | **Without PSF of Deportable Alien Credit:** | | |
| g. | RDAP Credit Out date | 365 days | 2013-07-26 |
| h. | RRC Credit Out date | 365 days | 2012-07-26 |

19.    After I was transferred to Adams County Correctional Complex, located in Natchez,

Mississippi, ("ACCC"). [2] On December 2, 2011, my defense counsel, in an effort to mitigate, informed

personnel at ACCC, in effect, of the aforesaid assurances and representations and requested to correct

the Bureau of Prisons Records in order to facilitate my transfer closer to my family, in essence, to avail

the other benefits that were a part of the plea agreement based on his non-deportable status. Attached to

the Complaint as Exhibit 2, and incorporated by reference hereto as though fully set forth at length, is a

true and correct copy of the said correspondence.

20.    On December 20, 2011, ACCC's Warden Laughlin, responded to defense counsel

informing him in relevant part: "inmate Singh has been provided with a copy of the Bureau [of]

Immigration and Customs (BICE) detainer which has been placed on him." and  defense counsel

should contact BICE to correct any discrepancy. Attached to the Complaint as **Exhibit 3**, and

incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the

said response.

_____

2  ACCC is a private facility that is owned and operated by Corrections Corporation of America.
  Adams County contracts with the Bureau of Prisons and houses low security deportable inmates.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

6

21.     On January 17, 2012, I requested BICE, through its office, that issued the detainer, at 1010 East Whatley Road, Oakdale, LA 71463, to remove the immigration detainer, pursuant to the assurances during the plea negotiations, that were being denied as a result of the issuance of the said immigration detainer. Attached to the Complaint as Exhibit 4, and incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said letter.

22.     As BICE did not respond, on February 2, 2012, I, once again, requested BICE, through its office at 830 Pinehill Road, Jena, LA 71342, to remove the immigration detainer that they had issued, in order for me to be afforded the aforesaid programs and resulting credit, that continue to be denied as a result of the issuance of the said immigration detainer. BICE did not respond. Attached to the Complaint as Exhibit 5, and incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said letter.

23.     As BICE did not respond, on March 13, 2012, I informed BICE, through their office at 800 Truxton Ave. Suite 109, Bakersfield, California 93301, of the aforesaid assurances and requested BICE to amend and correct their records, so that the said detainer would be removed and I would not be categorized with a PSF for Deportable Aliens or be subject to deportation proceedings, and in turn, would be afforded the rights, benefits, and privileges that I should have been entitled to, based on the assurances and arrested inferences by agents of BICE, Bakersfield; AUSA Escobar; defense counsel; and, the Honorable Court, that I am non-deportable. A copy of the said communication, was also sent to, BICE at 1010 East Whatley Road, Oakdale, LA 71463; AUSA Escobar at the United States Attorney's Office, Eastern District of California, 2500 Tulare Street, Fresno, California 93721; and Defense counsel Roger S. Bonakdar, at 2445 Capitol Street, # 150, Fresno, California 93721. BICE, AUSA Escobar or Defense counsel did not respond. Attached to the Complaint as Exhibit 6, and

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

7

incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said communication.

24.     On March 29, 2012, I informed BOP's, Designations & Computations Center, Grand Prairie Complex, 346 Marines Forces Dr. Grand Prairie, Texas 75051, about the assurances and determinations by DHS and AUSA Karen Escobar that I would be non-deportable and requested to remove the PSF of Deportable Alien.

25.     When I received no communication from the BOP, on April 30, 2012 I once again informed BOP's, Designations & Computations Center, Grand Prairie Complex, 346 Marines Forces Dr. Grand Prairie, Texas 75051, about the assurances and determinations by DHS and AUSA Karen Escobar that Singh would be non-deportable and requested to remove the PSF of Deportable Alien.

26.     When I did not receive any response, on May 12, 2012, I requested the Bureau of Prisons at Office of General Counsel, 320 First Street, N.W Room # 933, Washington, D.C. 20534, to intervene, informing them, in relevant part:

> … It is my understanding that, based on inaccurate facts, the Bureau of Prisons has categorized me with a PSF of Deportable Alien, I continue to endure substantial harm, inconvenience, unfairness and adverse determination related to my rights, benefits, and privileges, including, but not limited to: (1) prohibited from being placed in a minimum security prison; (2) prohibited from participating in RDAP; (3) prohibited from participating in a RRC; (4) would be forced to remain in prison beyond expiration of my term while waiting for the alleged deportation proceedings to conclude; and, (5) as ACCC is considered an Immigration Hearing Site (pending immigration hearing) and/or Release Site (inmate with orders of deportation), prohibited from being transferred to a facility closer to the family.
>
> It is my hope that I would not need to seek court intervention to compel my non-deportable status, as assured by the Department of Homeland Security; United States Attorney's Office and others, in order to avail the aforesaid and other rights, benefits, etc...

27.     On May 4 and 13, 2012, the said communication was also made a part of the record in this case. The said filing is incorporated by reference hereto as though fully set forth at length.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

8

28.     The May 4 and 13, 2012 filing was also served on Chief Counsel, Office of The Chief Counsel, Department of Homeland Security, Washington, DC, 20258.

29.     The May 4 and 13, 2012 filing was also served on, Bureau of Prisons, Office of General Counsel, 320 First Street, N.W. Room # 933, Washington, D.C. 20253.

30.     The May 4 and 13, 2012 filing was also served on, Bureau Of Prisons, Designations & Computations Center, Grand Prairie Complex, 346 Marines Forces Dr., Grand Prairie, Texas 75051.

31.     Other than the response from Warden Laughlin on December 20, 2011, I have not received any communication from DHS or BOP.

32.     Attached as **Exhibit A**, and incorporated by reference hereto as though fully set forth at length, are true and correct copies of a number of proof of mailing of the aforesaid communications to DHS and BOP. In addition to the aforesaid, a number of other mailings were sent using the Legal Mail system for inmate mail at the Adams County Correctional Center.

I declare under the penalties of the perjury that the aforesaid is true and correct.

Dated December 19th 2012

Jasdev Singh
Jasdev Singh
Declarant.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Declaration of Jasdev Singh In Support Of
Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies.

9

## **Proof of Mailing Attached**

1. March 19, 2012 - Certified Mail Receipt to Director, BICE, 800 Truxton Ave. Suite 109, Bakersfield, California 93301.

2. March 30, 2012 – Delivery Confirmation Receipt to BOP's, Designations & Computations Center, Grand Prairie Complex, 346 Marines Forces Dr. Grand Prairie, Texas 75051

3. April 4, 2012 -  Certified Mail Receipt to Director, BICE, 800 Truxton Ave. Suite 109, Bakersfield, California 93301.

4. April 4, 2012 -  Certified Mail Receipt to AUSA Escobar at the United States Attorney's Office, Eastern District of California, 2500 Tulare Street, Fresno, California 93721.

5. April 9, 2012 – Certified Mail Receipt to Office of Attorney General Washington D.C. 20530.

6. April 19, 2012 – Certified Mail Receipt to Chief Counsel, Office of The Chief Counsel, Department of Homeland Security, Washington, DC, 20258

7. May 15, 2012 - Certified Mail Receipt to Chief Counsel, Office of The Chief Counsel, Department of Homeland Security, Washington, DC, 20258.

8. May 16, 2012 - Certified Mail Receipt to Chief Counsel, Office of The Chief Counsel, Department of Homeland Security, Washington, DC, 20258.

9. May 22, 2012 - Certified Mail Receipt to Chief Counsel, Office of The Chief Counsel, Department of Homeland Security, Washington, DC, 20258.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Exhibit A to Declaration of Jasdev Singh
In Support Of Plaintiff's Response To Defendant's
Motion To Dismiss For Failure To
Exhaust Administrative Remedies



# **Exhibit A**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director of Homeland Security
(Bureau of Immigration of Customs
800 Truxton Ave., Suite 109
Bakersfield - CA - 93301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

3/19/12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



# U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

**Article Sent To:** (to be completed by mailer)

BOP, Designation and Computation Center

346 Marines Forces Dr.

Grand Prairie, Texas, 75051

*(Please Print Clearly)*

**DELIVERY CONFIRMATION NUMBER:** 0310 0440 9371 8747

REC'D MAR 30 2012

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

**CHECK ONE (POSTAL USE ONLY)**
☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002                    (See Reverse)

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director,
Dept. of Homeland Security
Bureau of Immigration & Customs
800 Truxton Ave, Suit 109
Bakersfield, CA, 93301
#7010 2780 0002 6168 0781

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Daniel Cabrera     8/29/12

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Karen Escobar
Asst Dist Atty.
Dist Atty office.
2500 Tulare St
Fresno, CA - 93721

# 7010 2780 0002 6168 0914

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Karen Escobar

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Attorney General
Office of The Attorney General
Washington, DC 20530

# 7010 2780 0002 6168 0804

REC'D APR 18 2012

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                    APR 09 2012

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

102595-02-M-1540



**U.S. Postal Service**

**CERTIFIED MAIL™ RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $2.10 | 0624 |
| Certified Fee | $2.95 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $7.40 | 04/19/2012 |

Sent To  Office of the Chief Counsel

Street, Apt. No.; or PO Box No.  United States Dept of Homeland Security

City, State, ZIP+4  Washington - DC - 20258

PS Form 3800, August 2006                    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Chief Counsel
United States Dept. of Homeland
security

Washington - DC - 20258

# 7010 2780 0002 6168 1023

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )
Jeannetta M Lewis

C. Date of Delivery
5/16/12

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 2780 0002 6168 1023

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.45 |
| Certified Fee | $2.95 |
| Return Receipt Fee (Endorsement Required) | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.75 |

Jasdev Singh
#A 64003097
EA 141 L
Postmark
Here
J. Singh
E/A 141L
05/15/2012

Sent To  Chief Counsel, office of the Chief Counsel
Street, Apt. No.; or PO Box No.  Department of Homeland Security
City, State, ZIP+4  Washington - DC - 20528

PS Form 3800. August 2006           See Reverse for Instructions

7011 1150 0002 2695 9782

