Jasdev Singh
Reg. No.: 64003-097
Adams County Correctional Complex
P.O. Box 1600
Washington, MS 39190.



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASDEV SINGH,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY AND DOES 1-50,

    Defendants.
_____ ///

Case No. 1:12-cv-00498-AWI-SKO

**MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION OF YOSHINORI H.T. HIMEL**

Plaintiff Jasdev Singh, appearing in propria persona, hereby seeks leave to file his declaration in Response to the Reply Declaration of Assistant United States Attorney, Yoshinori H.T Himel, filed after Singh Responded to Defendant United States Department of Homeland Security's (DHS) Motion to Dismiss or Motion for Summary Judgment. Singh has not had an opportunity to respond to the specific central issue raised for the first time in Defendant's Reply brief, to wit:

> "Centrally, the opposition says plaintiff requested record amendment from defendant "through its field office" in Oakdale, Louisiana, in January 2012, and "through its field office" in Jena, Louisiana in February 2012. Opp. 13. Plaintiff's legal position is that amendment requests are made by writing to field offices. Opp. 12. But neither Oakdale nor Jena nor Bakersfield nor any other place where the plaintiff wrote is a field office. Exhibit A to the Himel Reply Declaration lists the agency's twenty-three field offices [1]; none of the plaintiff's addressee offices is on the

---

1 for detainees housed at an ICE facility. *See,* Himel Declaration Exhibit A, *compare with* - and not a

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

1

list."

*See*, Document 30, pp. 2 line 25 to page 3 line 3.

It's a cliché that whenever questions related to DHS's violations of the Privacy Act resonates, DHS does not go through the five 'shades' of grief to reform themselves. In truth, they have remained mired in an *angry* phase long before, the Warden of Adams County Correctional Facility revealed that the "accurate" contact information for Singh's grievance regarding the inaccuracies and issuance of the BICE detainer should be directed to the Bureau of Immigration and Customs (BICE) office at Jena, Louisiana. To judge by the Defendant's convoluted Reply - neither Oakdale, nor Jena, nor Bakersfield, nor any other place where the plaintiff wrote is a field office - they have also added *denial* to the mix.

Contrary to an address of a field office available at AUSA Himel's fingertips or his arrogant ineptitude of available resources to an inmate at the Adams County Correctional facility to exhaust administrative remedies. An incarcerated individual, like Singh, can only depend on the "available" resources to exhaust administrative remedies, that does not include access to the "internet" as AUSA Himel ludicrously suggests. It does not take even a 20-year-old to see the frailty of Defendant's argument.

Singh seeks leave to file his counter-declaration showing that: (1) the "accurate" address to contact Bureau of Immigration and Customs office at Jena, Louisiana was provided by the Warden of Bureau of Prison's contractor Adams County Correctional Facility; (2) Singh does not have access to the internet to have been able to verify whether the address provided by the Warden was inaccurate; (3)

---

Bureau of Prison's contract facility with which BOP contracts to house aliens, where Singh is presently incarcerated.) Defendant's statement of undisputed facts # 5 and Declaration of Ellen Fields in support of Defendants Reply, P. 1,

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

2

No other available resource at the Adams County Correctional Facility does indicate, contrary of Attorney Himel's aforesaid discovery in the Internet, that neither Oakdale, nor Jena, nor Bakersfield nor any other place where Singh requested the amendment, is *not* a Bureau of Immigration and Customs field office and the only field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility, only available by downloading from the internet, that Singh should have communicated with, despite the Warden's communication, would be at New Orleans.

While Defendant's Reply may be entertaining, the Court should focus on real-life situations rather than get carried away with Defendant's hand wringing fantasized representations of how Singh would be able to exhaust his administrative remedies.

For the foregoing reasons and for the reasons set forth in the related filings, Plaintiff Jasdev Singh respectfully submits that this Court should reject DHS's motion to dismiss and/or motion for summary judgment for failure to exhaust administrative remedies

Dated: January 18, 2013                     Respectfully submitted,

*Jasdev Singh*
Jasdev Singh
Plaintiff

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

3

## COUNTER-DECLARATION OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION OF YOSHINORI H.T. HIMEL

I, Jasdev Singh hereby state and declare that:

1. I am the Plaintiff in this matter, I make this declaration in Response to the Reply Declaration of Assistant United Attorney Yoshinori H.T Himel attorney for Defendant United States Department of Homeland Security's (DHS) Motion to Dismiss or Motion for Summary Judgment. I have personal knowledge of the following facts, and I could and would competently testify thereto.

2. Based upon information and belief the Corrections Corporation of America's Adams County Correctional Facility is not an ICE facility and does not house ICE detainees.

3. I have searched the Bureau of Prison's Program Statements with inmate Access located at the law library in Adams County Correctional Facility and no where does it indicate, contrary of Attorney Himel's finding in the Internet, that neither Oakdale, nor Jena, nor Bakersfield, nor any other place where I wrote is *not* a Bureau of Immigration and Customs field office and the only field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility would be at New Orleans.

4. I have searched Correctional Corporations of America's Policies with inmate Access located at the law library in Adams County Correctional Facility and no where does it indicate, contrary of Attorney Himel's finding in the Internet, that neither Oakdale, nor Jena, nor Bakersfield, nor any other place where I wrote is *not* a field office and the only field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility would be at New Orleans.

5. Relying only on the warden or his designees for access to addresses to the "field" office of the Bureau of Immigration and Customs with the Mississippi area of responsibility, attached to this

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

4

declaration and incorporated by reference hereto as though fully set forth at length, is true and correct copy of a letter dated December 20, 2011 by the Warden of Bureau of Prison's contractor Adams County Correctional Facility stating in relevant part:

> Regarding the practices of BICE (Bureau of Immigration and Customs), your inquiry can certainly be more thoroughly addressed by contacting BICE directly. **Accurate contact information** is provided below for your reference (emphasis added):
>
> **Jena ICE Office**
> **Attention: Special Agent in Charge**
> **830 Pinehill Road**
> **Jena, LA 71342** (emphasis in original)

6. I have searched the Bureau of Prison's Program Statements with inmate Access located at the law library in Adams County Correctional Facility and no where does it indicate that a prisoner incarcerated by the Bureau of Prison's contractor Adams County Correctional Facility would have access to the internet to verify the warden or his designee's dissemination of information, including, whether the field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility would only be at New Orleans and not Oakdale, nor Jena, nor Bakersfield, nor any other place.

7. I have searched the Correctional Corporations of America's Policies with Inmate Access located at the law library in Adams County Correctional Facility and no where does it indicate that a prisoner incarcerated by the Bureau of Prison's contractor Adams County Correctional Facility would have access to the internet to verify whether the field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility would be only at New Orleans and not Oakdale, nor Jena, nor Bakersfield, nor any other place.

8. I searched the copy of the Code of Federal Regulations available at the law library

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

5

located at the Bureau of Prison's contractor Adams County Correctional Facility and no where could I locate that the field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility would be only at New Orleans and not Oakdale, nor Jena, nor Bakersfield, nor any other place.

9.   I searched a copy of the United States Code available at the law library located at the Bureau of Prison's contractor Adams County Correctional Facility and no where could I locate that the field office of the Bureau of Immigration and Customs with the Mississippi area of responsibility would be only at New Orleans and not Oakdale, nor Jena, nor Bakersfield, nor any other place.

I declare under the penalties of the perjury that the aforesaid is true and correct.

Dated January 18, 2013

                                                Jasdev Singh
                                                Jasdev Singh
                                                Declarant.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

6

## CERTIFICATE OF SERVICE

I, Jasdev Singh, hereby certify that I served:

## MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION OF YOSHINORI H.T. HIMEL

which is deemed served at the time it was deposited at Adams County Correctional Center's depository for legal mail in accordance to *Houston v. Lack*, 108 S.Ct 2379 (1988), by placing the aforesaid brief in a sealed first class postage paid envelope as prison legal mail addressed to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
2500 TULARE STREET, ROOM 1501
FRESNO, CALIFORNIA 93721-2201

As this case is designated as an E-Filing case, the clerk is requested to kindly forward this filing to all other interested parties signed to receive electronic notifications from the Court regarding this case.

January 18, 2013

By: _____Jasdev Singh_____
Jasdev Singh

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION
OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION
OF YOSHINORI H.T. HIMEL

7

# Exhibit A


Adams County Correctional Center

December 20, 2011

Roger S. Bonakdar, Esq.
Law Offices of Nuttall Coleman & Wilson
2445 Capitol Street, #150
Fresno, CA 93721

RE: SINGH, JASDEV
    Reg. No. 64003-097

Dear Mr. Bonakdar:

I am in receipt of your inquiry dated December 2, 2011 regarding inmate Jasdev Singh (64003-097). In this correspondence, you make inquiry as to why Mr. Singh is not eligible for participation in an RDAP program. Furthermore, you address what "appears to be an oversight" in designating Mr. Singh to Adams County Correctional Center and request this inmate's transfer to a more suitable facility.

As outlined in Bureau of Prisons Program Statement 5111.01, inmates at Hearing Sites (pending hearing) and inmates at Release Sites (with orders of deportation) shall not normally be considered for transfer for program participation (i.e. education programs, drug treatment), or for nearer release purposes. As this is the case with your client, inmate Singh has been provided with a copy of the Bureau Immigration and Customs Enforcement (BICE) detainer which has been placed against him.

Regarding the practices of BICE, your inquiry can certainly be more thoroughly addressed by contacting BICE directly. Accurate contact information is provided below for your reference:

**Jena ICE Office**
**Attention: Special Agent in Charge**
**830 Pinehill Road**
**Jena, LA 71342**

I trust that I have sufficiently addressed your concerns. However, if you feel further inquiry should be made, please feel free to contact me.

Sincerely,

Vance Laughlin
Warden

cc: File