Jasdev Singh
Reg. No.: 64003-097
Adams County Correctional Complex
P.O. Box 1600
Washington, MS 39190.

FILED
FEB 14 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASDEV SINGH,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY AND DOES 1-50,

Defendants.

///

Case No. 1:12-cv-00498-AWI-SKO

**RESPONSE TO DEFENDANT'S ERRATUM AND REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SUR-REPLY**

In *Winnie the Pooh*, there is a significant moment when the bear is asked whether he wants honey or condensed milk with his bread. He replies "both." You can get away with this sort of thing if you are a much loved character in children's literature. But, it's problematic when the United States Department of Homeland Security start behaving in a childish fashion.

When Defendant United States Department of Homeland Security is asked who should *not* have accurately and completely responded to Plaintiff Singh's request to correct and rescind the inaccurate immigration detainer: (1) Warden Laughlin of Adams County Correctional Center ("ACCC") (Plaintiff's custodian) or (2) (a) Immigration and Customs Enforcement ("ICE") - Jena office (Office that issued the detainer); or (b) ICE-Oakdale office (that would litigate the detainer); or (c) ICE-

*Singh v. DHS*, Case No.:1:12-ev-498-AWI-SKO-PS
Response To Defendant's Erratum And Reply To Defendant's Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel

1

Bakersfield office (that informed Singh that he would not be deportable); or (d) United States Attorney's Office, Eastern District of California (that followed ICE-Bakersfield's advise); or (e) BOP's, Designations & Computations Center (who designated Plaintiff to ACCC); or (f) Bureau of Prisons, Office of General Counsel (who would ensure that BOP follow laws); or (g) Chief Counsel, Office of the Chief Counsel, Department of Homeland Security (who would ensure that DHS follow laws). Defendant contends "*both.*"

Defendant, in it's Erratum to the Reply filed on January 9, 2013 and Response to Request to File Sur Reply, in a sleight of hand, asserts, that never mind, (a) ICE-Jena's; or (b) ICE-Oakdale's; or (c) ICE-Bakersfield's; or (d) United States Attorney's Office, Eastern District of California's; or (e) BOP's, Designations & Computations Center's; or (f) Bureau of Prisons Office of General Counsel's; or (g) Chief Counsel, Office of the Chief Counsel, Department of Homeland Security's duties and responsibilities to correct the Warden's alleged inaccuracies, just "because [Singh's] attorney, who received the contract warden's [*allegedly* inaccurate] letter, had internet access [to verify those inaccuracies], plaintiff says he lacks. Any such excuses are immaterial to subject matter jurisdiction." (Document 32, p. 1:21-23) [1]

Defendant's abstruse, myopic, picayune, bagatelle, ludicrous attempt to dissimilate its duties and responsibilities, mandated under the Privacy Act, regardless whether "the local rules authorize no surreplies," by urging the court to ignore: (1) Warden Laughlin of ACCC allegedly inaccurate response;

1 *Cf.* 6 C.F.R. § 5.34 (Each component will inform *its employees* of the provisions of the Privacy Act, including the Act's civil liability and criminal penalty provisions (emphasis added)); (e) (Maintain all records that are used by the Department in making any determination about an individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to ensure fairness to the individual in the determination); (f) (Except as to disclosures made to an agency or made under the FOIA, make reasonable efforts, prior to disseminating any record about an individual, to ensure that the record is accurate, relevant, timely, and complete).

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Response To Defendant's Erratum And Reply To Defendant's Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel

2

or, (2) (a) ICE-Jena's non-response to the Warden's allegedly inaccurate response; or (b) ICE-Oakdale's non-response to the Warden's allegedly inaccurate response; or (c) ICE-Bakersfield's non-response to to the Warden's allegedly inaccurate response; or (d) United States Attorney's Office, Eastern District of California's to the Warden's allegedly inaccurate response; or (e) BOP's, Designations & Computations Center's to the Warden's allegedly inaccurate response; or (f) Bureau of Prisons Office of General Counsel's non-response to the Warden's allegedly inaccurate response; or (g) Chief Counsel, Office of the Chief Counsel, Department of Homeland Security's non-response to the Warden's allegedly inaccurate response, and shift their responsibility to Singh's attorney to correct the Warden's allegedly inaccurate response, is plainly absurd and requires a response to confirm Defendant's ridiculousness. *Cf.* Fed. R. Civ. P. Rule 11(b). [2] Defendant's attempt to shirk their responsibility is a classic red-herring and should be rejected.

Even if the Privacy Act, Prison Litigation Reform Act or Federal Tort Claims Act permitted such an anomalous result as claimed by Defendant, Singh would still have a cause of action, because *after* Defendant filed its Reply, on January 9, 2013, Singh, despite his prior numerous attempts, *again* attempted to grieve the maintenance of the inaccurate immigration detainer. While DHS's "Field Office," in New Orleans, contrary to Defendant's internet research pontification to exhaust administrative remedies under the Privacy Act, Prison Litigation Reform Act or Federal Tort Claims Act, the "field office" still has not responded. [3] Warden Laughlin and his designates, on the other hand,

2 An attorney may be subject to sanctions under Rule 11 for presenting frivolous and ridiculous claims in a pleading. Fed.R.Civ.P. 11(b)(2) and (c).

3 See for eg.: "Not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of a request for amendment of a record pertaining to an individual, a federal agency must make written acknowledgment of such receipt." 5 U.S.C.A. § 552a(d)(2)(A). If the agency fails to act within the statutory deadlines, such a failure is deemed an exhaustion of the requester's administrative remedy rather than a denial of his or her request. 5 U.S.C.A. § 552(a)(6)

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Responsc To Defendant's Erratum And Reply To Defendant's Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel

3

*still* believe, annihilating AUSA Yoshinori H.T. Himel and his cohorts' declarations regarding "exhaustion of administrative remedies," that ACCC and/or BOP cannot remedy Singh's placement, unless the immigration detainer is rescinded and, in fact, not surprisingly, continues to instruct Singh to contact ICE at their Jena Office. See, Attachment to Singh Declaration filed concurrently.

For the foregoing reasons and for the reasons set forth in the related filings, Plaintiff Jasdev Singh respectfully submits that this Court should reject DHS's motion to dismiss and/or motion for summary judgment for failure to exhaust administrative remedies.

Dated: February, 7th 2013

Respectfully submitted,

Jasdev Singh
Jasdev Singh
Plaintiff

(C).

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Response To Defendant's Erratum And Reply To Defendant's Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel

4

**DECLARATION OF JASDEV SINGH**

I, Jasdev Singh, hereby state and declare that:

1. I am the Plaintiff in this matter, I make this declaration in support of the Reply To Defendant's Erratum And Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel. I have personal knowledge of the following facts, and I could and would competently testify thereto.

2. On January 15, 2013, after Defendants filed their Reply, despite my prior attempts, via certified mail, return receipt requested, I again attempted to communicate requesting to remove the improvidently issued immigration detainer with the Director, Department of Homeland Security, Enforcement and Removal Operations, New Orleans Field Office, 1250 Poydras, Suite 325, New Orleans, LA 70113, while the Return Receipt was signed for on January 22, 2013. As of February 5, 2013 (more than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of its receipt) I did not receive any written acknowledgment of the receipt of my communication. Attached as **Exhibit 1**, is a true and correct copy of the said certified mail dated January 17, 2013 and return receipt dated January 22, 2013.

3. Independently, on January 15, 2013, I also attempted to seek informal resolution to remove my immigration detainer. Unit manager Liddull informed me that unless ICE does not provide supportive documentation of my non-deportable status, the PSF of deportable alien cannot be removed. Attached as **Exhibit 2**, is a true and correct copy of the said aforesaid attempt to informally resolve and response.

4. On January 22, 2013 in response to my formal grievance CCA Form 14-5B, Records

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Response To Defendant's Erratum And Reply To Defendant's Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel

5

Manager K. Lee informed me that BOP/CCA do not have any authority to remove the immigration detainer and I should contact ICE at 830 Pine Hill Road, Jena, LA 71342 for assistance. Attached as **Exhibit 3**, is a true and correct copy of the said aforesaid attempt to formally resolve and response.

5. On February 4, 2013, the Warden responded and confirmed Records Manager K. Lee assertion that BOP/CCA do not have any authority to remove the immigration detainer and I should contact ICE at 830 Pine Hill Road, Jena, LA 71342 for assistance. Attached as **Exhibit 4**, is a true and correct copy of the said aforesaid communication from the Warden.

I declare under the penalties of the perjury that the aforesaid is true and correct.

Dated: February, 7th 2013

Jasdev Singh
Jasdev Singh
Declarant.

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Response To Defendant's Erratum And Reply To Defendant's
Response To Plaintiff's Motion Seeking Leave To File
Counter-Declaration Of Jasdev Singh In Response To Reply
Declaration of Yoshinori H.T. Himel

6

## CERTIFICATE OF SERVICE

I, Jasdev Singh, hereby certify that I served:

**RESPONSE TO DEFENDANT'S ERRATUM AND REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE COUNTER-DECLARATION OF JASDEV SINGH IN RESPONSE TO REPLY DECLARATION OF YOSHINORI H.T. HIMEL**

which is deemed served at the time it was deposited at Adams County Correctional Center's depository for legal mail in accordance to *Houston v. Lack*, 108 S.Ct 2379 (1988), by placing the aforesaid brief in a sealed first class postage paid envelope as prison legal mail addressed to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
2500 TULARE STREET, ROOM 1501
FRESNO, CALIFORNIA 93721-2201

As this case is designated as an E-Filing case, the clerk is requested to kindly forward this filing to all other interested parties signed to receive electronic notifications from the Court regarding this case.

February 7, 2013

By: Jasdev Singh
Jasdev Singh

*Singh v. DHS*, Case No.:1:12-cv-498-AWI-SKO-PS
Response To Defendant's Erratum And Reply To Defendant's Response To Plaintiff's Motion Seeking Leave To File Counter-Declaration Of Jasdev Singh In Response To Reply Declaration of Yoshinori H.T. Himel

7

# Exhibit 1

7009 3410 0001 4560 1715

**U.S. Postal Service™**

**CERTIFIED MAIL™ RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

NEW ORLEANS LA 70113

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ $0.65 | 0624 Singh |
| Certified Fee | $2.95 | 04 CC 118 L |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | CC118L |
| Total Postage & Fees | $ $5.95 | 01/17/2013 |

Sent To Dept. of Homeland Security, Director Enforcement & Removal Operation

Street, Apt. No.; or PO Box No. 1250 Poydras Suite 325

City, State, ZIP+4 New Orleans, LA, 70113

PS Form 3800, August 2006 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director, Department of Homeland Security
Enforcement and Removal Operations
New Orleans Field Office
250 Poydras, Suite 325
New Orleans, LA, 70113

[7009 3410 0001 4560 1715]

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Sherry Green ☒ Agent ☐ Addressee

B. Received by (Printed Name) Sherry Green

C. Date of Delivery 1/28/2012

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

REC'D JAN 24 2012

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7009 3410 0001 4560 1715

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Jasdev Singh
Reg. No.: 64003-097
Adams County Correctional Complex
P.O. Box 1600
Washington, MS 39190.

---

*Via Certified Mail, Return Receipt Requested.*

January 15, 2013

Director, Department of Homeland Security
Enforcement and Removal Operations
New Orleans Field Office
1250 Poydras Suite 325
New Orleans, LA 70113

Dear Sir/madam

**Re: A-076 868 347**
**Improvidently Issued Immigration Detainer By Violating Including, 5 U.S.C. § 552a(e)(6), (e)(9), (e)(10) and/or (i)(1), (2) Attempt to Mitigate and Exhaust Administrative Remedies.**

By virtue of the San Francisco, California, Immigration Court's, April 5, 2000 Order, granting my application for asylum and representations by agents of the Department of Homeland Security, Bureau of Immigration and Customs, Bakersfield, California. On a number of occasions it was represented in the United States District Court, Eastern District of California, Case No. 1:08-CR-00212-002 and otherwise by the United States Attorney's Office, Eastern District of California, that I am deemed non-deportable.

In fact, the rights, benefits, and/or privileges based on the aforesaid non-deportable assurance, were of particular concern in my agreement to enter a plea. I, for my part, agreed to plead guilty, as I had been assured that there was **no-chance** of causing adverse immigration consequences as a result of agreeing to plead guilty. *See*, *Padilla v. Kentucky*, --- U.S. ----, 130 S.Ct. 1473, 1483 (2010) ("We ... have previously recognized that '[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence.' ") (quoting, *INS v. St. Cyr*, 533 U.S. 289, 323 (2001) (second alteration in original)); Accordingly, "the threat of deportation may provide the defendant with a powerful incentive to plead guilty to an offense that does not mandate that penalty." *Id.* at 1486. *United States v. Bonilla*, 637 F.3d 980 (9th Cir. 2011) (held that defense counsel's inadequate legal advice on immigration consequences of guilty plea constituted a fair and just reason for withdrawal of the plea).

Based on the said unequivocal assurance of my non-deportable status, I agreed to, including, but

A-076868347, Request to Cancel and Rescind Improvidently Issued Immigration Detainer By Violating including, 5 U.S.C. § 552a(e)(6), (e)(9), (e)(10) and/or (i)(1), (2), Attempt to Mitigate and Exhaust Administrative Remedies
Page 1

not limited to, enter the guilty plea, withdraw my Motion to Dismiss, while Trial Attorney, Roger T. Nuttall; the Honorable Court; and the Assistant United States Attorney, in violation of my constitutional right to effective assistance of counsel, due process rights, as well as Rule 11 of the Federal Rules of Criminal Procedure, failed to inform me regrading the "*possibility*" of deportation, and, in fact, in exchange for agreeing to enter a plea of guilty, the United States Attorney's Office – Eastern District of California; and, the Probation Department - Eastern District of California, in addition to the negotiated sentence of incarceration, also recommended, that: (1) I be placed in a minimum security prison;[1] (2) participate in the Residential Drug Abuse Treatment Program (RDAP);[2] and, (3) participate in a Residential Reentry Program (RRC).[3]

The Government's and the Probation Department's assurance was reinforced by the Honorable Court during the plea allocution and sentencing to the effect that, as I was non-deportable, the Court reccomended that: (1) I be placed in a minimum security prison; (2) participate in the RDAP; and, (3) participate in a RRC.[4]

I further discovered, notwithstanding, that I was lured into agreeing to enter the plea of guilty, based on the aforesaid assurance that I was non-deportable. Your agency disseminating material unreliable, inaccurate, and incomplete facts, stating in relevant part: "Investigation has been initiated to determine whether this person is subject to removal from the United States," that triggered, Bureau of Prisons, pursuant to Program Statement P5100.08, to impose a Public Safety Factor, (hereafter, "PSF") for Deportable Aliens.[5]

After I was transferred to Adams County Correctional Complex,[6] located in Natchez,

1 Bureau of Prisons' institutions are classified into one of five security levels: Minimum, Low, Medium, High, and Administrative based on the level of security and staff supervision the institution is able to provide.

2 Inmates that compete the RDAP may be eligible for early release for early release, up to one year, pursuant to 18 U.S.C. § 3621(e).

3 RRCs, more commonly known as "halfway houses," are minimally secure community based facilities in which certain eligible BOP inmates may be placed upto the last year of their terms of imprisonment to facilitate their transition into the community upon completion of their terms of imprisonment.

4 This does not, in any way allege that the misrepresentations by the Court were made intentionally or maliciously.

5 A PSF is "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure safety and protection to the public." *See*, Bureau of Prisons, Program Statement, P5100.08, Chapter 5, p. 8. A PSF requires increased security measures to ensure protection of the public. *Id.* at p. 4. There are nine PSFs which are applied to inmates who are not appropriate for placement at an institution which would permit inmate access to the community (*i.e.* Minimum Security). *Id.* The application of a PSF overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or prior behavior.
A PSF of Deportable Alien is applied to inmates that have a possibility of deportation. *Id.* at p. 11. With a PSF of Deportable Alien, an inmate cannot be designated to a facility with a security classification below a Low.

6 Adams County Correctional Complex is a private facility that is owned and operated by Corrections Corporation of

A-076868347, Request to Cancel and Rescind Improvidently Issued Immigration Detainer
By Violating including, 5 U.S.C. § 552a(e)(6), (e)(9), (e)(10) and/or (i)(1), (2),
Attempt to Mitigate and Exhaust Administrative Remedies
Page 2

Mississippi (hereafter, "ACCC"), a prison for "deportable" aliens. On December 2, 2011, attorney, Roger S. Bonakdar, informed Chief Rice at ACCC of the aforesaid assurances and representations and request her to correct the Bureau of Prisons Records and facilitate my transfer closer to my family in order to avail the rights, benefits, and/or privileges based on my non-deportable status. Attached as **Exhibit 1**, and incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said communication to ACCC.

On December 20, 2011, Warden Laughlin, responded to attorney Roger S. Bonakdar, informing him in relevant part: "inmate Singh has been provided with a copy of the Bureau [of] Immigration and Customs (BICE) detainer which has been placed on him." Attached as **Exhibit 2**, and incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said communication from Warden Laughlin.

Critically, had I known of the collateral consequence of the possibility of deportation, or that I would not be eligible for programs offered by the Bureau of Prisons as a result of the PSF as a Deportable Alien, I would not have entered into the agreement with the government or plead guilty to an offense that does not mandate this penalty.

In order to avail of the aforesaid rights, benefits, and privileges, that are being denied as a result of including, but not limited to, the improvidently issued said immigration detainer resulting in the PSF categorization as a Deportable Alien, based on your agency's dissemination of material unreliable, inaccurate, and incomplete facts. On January 17, 2012 and February 2, 2012, I had requested the United States Department of Homeland Security, Bureau of Immigration and Customs, through its offices at 1010 East Whatley Road, Oakdale, LA 71463 and 830 Pinehill Road, Jena, LA 71342, to remove the immigration detainer that they had issued, in order for me to avail of the aforesaid rights, benefits, and privileges, that are being denied as a result of the issuance of the said immigration detainer. As of the writing of this communication I have not received any response.

Pursuant to including, but not limited to, 5 U.S.C. § 552a(e)(6)[7], (e)(9), (e)(10) and (i)(1), (2),

America. ACCC contracts with the Bureau of Prisons and houses low security inmates.

7 5 U.S.C. § 552(a)(e)(6) states in relevant part: "prior to disseminating any record about an individual to any person ... make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes;"

5 U.S.C. § 552(a)(e)(9) states: "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records, or in maintaining any record, and instruct each such person with respect to such rules and the requirements of this section, including any other rules and procedures adopted pursuant to this section and the penalties for noncompliance;"

5 U.S.C. § 552(a)(e)(10) states: "establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained;"

5 U.S.C. § 552(a)(i) states: "(1) Criminal penalties.--Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable

A-076868347, Request to Cancel and Rescind Improvidently Issued Immigration Detainer
By Violating including, 5 U.S.C. § 552a(e)(6), (e)(9), (e)(10) and/or (i)(1), (2),
Attempt to Mitigate and Exhaust Administrative Remedies
Page 3

please accept this as my final attempt to mitigate and request you to kindly amend and correct your records so that after finding me non-deportable, the said detainer would removed as improvidently issued and I would be able to avail the rights, benefits, and privileges that I should be entitled to.

As statutorily required,[8] please respond no later than ten working days from the date of receipt of this communication, failing which, I will assume you are not interested in amicably resolving this matter and I will seek court intervention, including, but not limited to, pursuant to 5 U.S.C. § 552a(g)(1) et. seq.

Looking forward to hearing form you.

Sincerely,

Jasdev Singh

Jasdev Singh

information the disclosure of which is prohibited by this section or by rules or regulations established thereunder, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor and fined not more than $5,000.

8 6 C.F.R. § 5.26 *et. seq.*

A-076868347, Request to Cancel and Rescind Improvidently Issued Immigration Detainer
By Violating including, 5 U.S.C. § 552a(e)(6), (e)(9), (e)(10) and/or (i)(1), (2),
Attempt to Mitigate and Exhaust Administrative Remedies
Page 4

# Exhibit 2

01/15/2013 C-12-063

RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

# INFORMAL RESOLUTION

**To be completed by inmate/resident:**

Date: 1-15-2013

Name (Print): SINGH JASDEV
Last Name First Name Middle Initial

Number: 64003097 HOUSING ASSIGNMENT: CC 118 L

Description of issue, problem, and solution you suggest:

Please see attached.

Attach additional pages, if necessary.

**FOR STAFF USE ONLY**

Date received from inmate/resident: 01/15/2013

Name of staff member completing informal resolution process: Fiddler

Date response due to inmate/resident: 01-29-2013

Date and time initial meeting held with the inmate/resident: Denied 01/15/13

**Additional information received from initial meeting:**

Attached PSCD! Inmate Information

**Names of staff members involved with the inmate/resident's issue:**

Non Listed / Drop PSF Alien

Distribution:
Original: Facility
Copy: Inmate/Resident

03/07

RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

**Dates and times of contact with staff members concerning the inmate/resident's issue:**

**Additional information received from meetings with staff members:**

Your citizenship is India

**STAFF RESPONSE:**

As noted on your provided report: You have a detainer logged against you at this time. You also have a PSF alien as well. The PSF alien factor can not be remove without proper verification from ICE w/ supportive documentation to your U.S. Citizenship Status. Please provide.

**Tentative completion date if remedy suggested:** 01/15/13

**Completion of Informal Resolution Process:**

**By signing below, the inmate/resident verifies agreement with the remedy suggested above. If the inmate/resident is not satisfied with the remedy suggested above, the inmate/resident is not required to sign below and may choose to file a formal grievance with the Facility Grievance Officer. In either case, the inmate/resident will receive a copy of this form on the day the final resolution process is completed.**

Inmate Signature:________________ Date:________________

Designated Staff Signature: A. Riddell Date: 01/15/13

*Witness Signature:________________ Date:________________

***In the event the inmate/resident refuses to sign this form, a witness signature must be obtained to verify that the inmate/resident was offered the opportunity for informal resolution.**

**Informal Resolution Outcome:** ☐ **RESOLVED** ☒ **UNRESOLVED**

Distribution:
Original: Facility
Copy: Inmate/Resident

Grievance No.: 013-1404-0001 Case 1:12-cv-00428-AWI-SKO Document 33 Filed 02/14/13 Page 18 of 31

RECEIVED
JAN 1 7 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

**ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)**
**Improvident Classification of PSF of Deportable Alien Attempt to Mitigate and Exhaust Administrative Remedies under Federal Tort Claims Act under Prison Litigation Reform Act.**

A. **Relevant Background:**

1. On November 6, 2008, a Second Superseding indictment was filed in the United States District Court, Eastern District of California, Case No. 1:08-CR-00212-002 (hereafter, sometimes the "criminal matter"), charging me with conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Initially, I was represented by Attorney Steve Quade and later the law firm of Nuttall & Coleman associated with Mr. Quade in representing me's interests in the criminal matter (hereafter, "defense counsel").

2. On June 5, 2009, I entered a guilty plea, to Count One, Conspiracy to Distribute and to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), pursuant to a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure,[1]

3. On July 23, 2010, in the criminal matter, through my attorney, Roger T. Nuttall, I filed a Motion to Dismiss, notwithstanding, having entered a plea of guilt pursuant to the aforesaid Plea Agreement. The motion in relevant part alleged, as grounds for the motion to dismiss, that I was denied my Sixth Amendment right to counsel and due process of law based upon facts which were discovered (subsequent to the entry of the plea) that one of the Government's informant, (hereafter, "Informant"), without having disclosed his/her agency, as a Drug Enforcement Agency (hereafter, "DEA") informant, engaged in surreptitious meetings with my attorney, Mr. Quade, in the company of defense investigators in Mr. Quade's office to discuss confidential maters attendant to the defense in this case, including, but not limited to, asking a number of questions regarding defense strategy. As such, it was asserted that the said Government Informant directly infiltrated the preparation of the defense in violation of my most significant Sixth Amendment right,

1 See, *United States v. Singh*, U.S. Dist. Ct. E. Dist. Cal. Case No. 1:08-CR-00212 OWW, Document No.: 139, incorporated by reference herein as though fully set forth at length.

Jasdev Singh, Reg. No.: 64003-097
ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)
Improvident Classification of PSF of Deportable Alien
Attempt to Mitigate and Exhaust Administrative Remedies under
Federal Tort Claims Act and Prison Litigation Reform Act.
January 13, 2013
Page 1

Grievance No.: 013-1404-0001 Case 1:12-cv-00498-AWI-SKO Document 33 Filed 02/14/13 Page 19 of 31

RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

(hereafter, "Motion to Dismiss").[2]

4. On August 16, 2010, the Government, through the United States Attorney's Office, Eastern District of California, filed a Request to Seal the aforesaid Motion to Dismiss and Stay Proceedings Pending Clarification from Defense Regarding Plea Agreement. In its gobbledygook while the Government conceded that the informant provided information to the DEA during the investigation, denied that the informant was signed up as a DEA informant during the investigation of the criminal matter. However, was *later* activated as a DEA informant.[3]

5. Nevertheless, by virtue of the San Francisco, California, Immigration Court's April 5, 2000, Order granting my application for asylum and representations of the agents of the Department of Homeland Security, Bureau of Immigration and Customs, Bakersfield, California; United States Attorney's Office, Eastern District of California; United States District Court, Eastern District of California, Case No. 1:08-CR-00212-002. On a number of occasions it was represented in Court and otherwise by the United States Attorney's Office, Eastern District of California, that I am deemed non-deportable. In fact, the rights, benefits, and/or privileges based on my non-deportable status, were of particular concern in Plaintiff's agreement to enter a plea and withdraw his Motion to Dismiss, if the Government could assure Plaintiff of his non-deportable status.

6. In fact, even though on June 25, 2008, AUSA Karen Escobar, at Singh's detention hearing, in the criminal matter, recognized:

> [Singh] is not a citizen of the United States, although he is lawfully here. He was born in India , and it appears from the [pre-trial] report that I have, that should he be convicted of this offense, he would be subject to deportation if convicted.

7. Even though, the United States Attorney's Office for the Eastern District of California's ("USAO") normal practice and procedure, when I pled guilty to the drug offense, based on my review of other plea agreements of deportable defendants, was to include, an akin to subject to

2 See, *United States v. Singh*, U.S. Dist. Ct. E. Dist. Cal. Case No. 1:08-CR-00212 OWW, Document No.: 372 (Motion to Dismiss), incorporated by reference herein as though fully set forth at length.

3 *See also*, Document No.: 373 (Government's Request to Seal Defendants Motion to Dismiss and Stay Proceedings Pending Clarification From Defense Regarding Plea Agreement), incorporated by reference herein as though fully set forth at length.

Jasdev Singh, Reg. No.: 64003-097
ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)
Improvident Classification of PSF of Deportable Alien
Attempt to Mitigate and Exhaust Administrative Remedies under
Federal Tort Claims Act and Prison Litigation Reform Act
January 13, 2013
Page 2

Grievance No.: 0134-040-0001 Case 1:12-cv-01404-AWI-SKO Document 33 Filed 02/14/13 Page 20 of 31
RECEIVED
JAN 17 2013
GRII.

deportation consequence disclaimer in all Memorandums of Plea Agreement, acknowledged by Defendants who would be convicted for a drug trafficking offense and subject to deportation.

8. Moreover, a DHS Special agent was also present at the post-arrest interview on June 20, 2008 to, assess whether I would be subject to deportation as a result of the conviction for a drug trafficking offense.

9. Assistant United States Attorney (AUSA) Karen Escobar, did not, based on USAO's pattern and practice, include the "subject to deportation" disclaimer in the June 25, 2009, Memorandum of Plea Agreement, the only logical inference is that she was informed by Agent/s of DHS that I am not deportable.

10. AUSA Escobar and consequently the Court did not make the "subject to deportation" statement at the June 5, 2009, Change of Plea hearing, similar to the statement that was made at the detention hearing on June 25, 2008. The only logical conclusion is that AUSA Escobar believed that Singh would not be subject to deportation after his conviction for a drug trafficking offense.

11. Critically, at the safety valve interview held on September 15, 2009, the DHS Special Agent in the presence of defense counsel and AUSA Escobar, confirmed that by virtue of the San Francisco, California, Immigration Court's April 5, 2000, Order granting Singh's application for asylum, Singh would not be subject to deportation as a result of Singh's conviction for a drug trafficking offense.

12. Finally, AUSA Escobar and consequently the Court also did not make the "subject to deportation" statement on July 11, 2011, Sentencing Hearing, similar to the statement made at the Detention Hearing on June 25, 2008. Once again, the only logical arresting inference is, contrary to DHS's subjective denial, that AUSA Escobar, based on DHS's assurances, believed that I would not be subject to deportation after his conviction for a drug trafficking offense.

13. Based on the said unequivocal assurance of my non-deportable status, I agreed to, and in fact did, including, but not limited to, allow the aforesaid guilty plea remain, withdrew the aforesaid Motion to Dismiss, while defense counsel, Roger T. Nuttall, et.al.; AUSA Escobar; and the Honorable Court; failed to inform me regrading the "*possibility*" of deportation, and, in fact, in

Jasdev Singh, Reg. No.: 64003-097
ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)
Improvident Classification of PSF of Deportable Alien
Attempt to Mitigate and Exhaust Administrative Remedies under
Federal Tort Claims Act and Prison Litigation Reform Act.
January 13, 2013
Page 3

Grievance No.: 2013-1404-0001 Case 1:12-cv-00498-AWI-SKO Document 33 Filed 02/14/13 Page 21 of 31

RECEIVED
JAN 17 2013

exchange for agreeing to allow the guilty plea to be in place as well as withdraw the Motion to Dismiss, the United States Attorney's Office – Eastern District of California through Assistant United States Attorney, Karen A. Escobar, in addition to the negotiated sentence of incarceration, also recommended, that I would: (1) be placed in a minimum security prison;[4] (2) participate in the Residential Drug Abuse Treatment Program (RDAP);[5] (3) participate in a Residential Reentry Program (RRC);[6] and, (4) based on my family commitments and responsibilities hoped on my family's behalf may be reunited at the earliest possible time.

14. The Government's aforesaid assurance that I was non-deportable was reinforced by the Honorable Court during the plea allocution; by defense counsel; by the Probation Department during the Pre-sentence interview and again by the Honorable Court at sentencing, to the effect that, as Plaintiff was non-deportable, therefore the Court recommended that I: (1) be placed in a minimum security prison; (2) participate in the RDAP; and, (3) participate in a RRC.

15. Later, I discovered, notwithstanding, while I was being lured, based on the aforesaid assurance that I was non-deportable, into agreeing to enter the plea of guilty and not withdraw the guilty plea, withdraw my Motion to Dismiss. DHS and others disseminated material unreliable, inaccurate, and incomplete facts, stating in relevant part: "Investigation has been initiated to determine whether this person is subject to removal from the United States," that, unbeknownst to me at the time, triggered, the Bureau of Prisons, to categorize me with a Public Safety Factor, (hereafter, "PSF") for Deportable Aliens.[7]

4 Bureau of Prisons' institutions are classified into one of five security levels: Minimum, Low, Medium, High, and Administrative based on the level of security and staff supervision the institution is able to provide.

5 Inmates that compete the RDAP may be eligible for early release, up to one year, pursuant to 18 U.S.C. § 3621(e).

6 RRCs, more commonly known as "halfway houses," are minimally secure community based facilities in which certain eligible BOP inmates may be placed upto the last year of their terms of imprisonment to facilitate their transition into the community upon completion of their terms of imprisonment.

7 A PSF is "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure safety and protection to the public." *See*, Bureau of Prisons, Program Statement, P5100.08, Chapter 5, p. 8. A PSF requires increased security measures to ensure protection of the public. *Id.* at p. 4. There are nine PSFs which are applied to inmates who are not appropriate for placement at an institution which would permit inmate access to the community (*i.e.* Minimum Security). *Id.* The application of a PSF overrides security point scores to ensure the appropriate security level is

Jasdev Singh, Reg. No.: 64003-097
ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)
Improvident Classification of PSF of Deportable Alien
Attempt to Mitigate and Exhaust Administrative Remedies under
Federal Tort Claims Act and Prison Litigation Reform Act.
January 13, 2013
Page 4

Grievance No.: 2013-1484-0001 Case 1:12-cv-00498-AWI-SKO Document 33 Filed 02/14/13 Page 22 of 31

RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER

16. In fact, based on a group of records, as defined in 5 U.S.C. § 552a(a)(4) and (5), despite being aware of an unequivocal determination and assurance that I am non-deportable, DHS and others intentionally and willfully, without any effort to ensure its accuracy and reliability, notwithstanding, the aforesaid assurance that I am non-deportable, disseminated and continue to maintain material unreliable, inaccurate, and incomplete facts, directly resulting in adverse determinations about my rights, benefits, and privileges; resulting in including, but not limited to, (1) prohibited from being placed in a minimum security prison; (2) prohibited from participating in the RDAP; (3) prohibited from participating in a RRC; (4) would be forced to remain in prison beyond expiration of his term while waiting for deportation proceedings; (5) as ACCC is considered an Immigration Hearing Site (pending immigration hearing) and/or Release Site (inmate with orders of deportation), prohibited from being transferred to a facility closer to the family.

17. On December 7, 2011, despite the aforesaid repeated assurances by Defendants; United States Attorney's Office, Eastern District of California; defense counsel, that I am non-deportable, DHS confirmed their reliance on the said material unreliable, inaccurate, and incomplete facts by issuing an "immigration detainer" – a record pursuant to 5 U.S.C. § 552a(a)(4), stating in relevant part: "Investigation has been initiated to determine whether this person is subject to removal from the United States."[8]

18. By failing to maintain the aforesaid and other records concerning me with such accuracy, timeliness, relevance and completeness as is necessary, pursuant to the assurances by,

---

assigned to an inmate, based on his or her demonstrated current or prior behavior. A PSF of Deportable Alien is applied to inmates that have a possibility of deportation. *Id.* at p. 11. With a PSF of Deportable Alien, an inmate cannot be designated to a facility with a security classification below a Low, participate in the RDAP program pursuant to 18 U.S.C. § 3621(e) nor the RRC program.

8 A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent. Filing a detainer is an informal process that generally can be done by any person who has authority to take a prisoner into custody. A detainer can remain lodged against a prisoner without any action being taken on it. The filing of a detainer also indicates that ICE has initiated an investigation to determine whether Plaintiff is subject to deportation from the United States. Attached as **Exhibit A**, and incorporated by reference hereto as though fully set forth at length, is a true and correct copy of the said record issued based on material unreliable, inaccurate, and incomplete facts.

Jasdev Singh, Reg. No.: 64003-097
ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)
Improvident Classification of PSF of Deportable Alien
Attempt to Mitigate and Exhaust Administrative Remedies under
Federal Tort Claims Act and Prison Litigation Reform Act.
January 13, 2013
Page 5

Grievance No.: 013-1404-0001 Case 1:12-cv-00498-AWI-SKO Document 33 Filed 02/14/13 Page 23 of 31
RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

including, but not limited to, Defense Counsel, Defendants; United States Attorney's Office, Eastern District of California; United States District Court, Eastern District of California, Case No. 1:08-CR-00212-002, I also cannot be assured a fair determination, including, but not limited to, the proceedings by the Immigration Court, related to my qualifications, character, rights, opportunities, privileges and/or benefits.

19. Further, by failing to correct and maintain the aforesaid and other records concerning me, in compliance with the assurances that I am non-deportable, by DHS; United States Attorney's Office, Eastern District of California; United States District Court, Eastern District of California, Case No. 1:08-CR-00212-002, I am not assured protection against anticipated threats and hazards that could further result in substantial harm, embarrassment, inconvenience or unfairness to me.

20. Had I not been categorized with the PSF of Deportable Alien the credit, in addition to the aforesaid benefits, (1) be placed in a minimum security prison; (2) participate in the RDAP; and, (3) participate in a RRC, I would also have been eligible for would be:

| | | | |
|---|---|---|---|
| a. | Adjusted Offense Level | *unchanged* | 28 |
| b. | Sentence Imposed | *unchanged* | 84 Months |
| c. | Date Sentenced | | 2011-07-11 |
| d. | Full term date | | 2015-06-20 |
| e. | Pre-trial Detention Credit | | 1116 |
| f. | Good Time Out Date | | 2014-07-26 |
| | **Without PSF of Deportable Alien Credit:** | | |
| g. | RDAP Credit Out date | 365 days | 2013-07-26 |
| h. | RRC Credit Out date | 365 days | 2012-07-26 |

**Request**

21. Based on the aforesaid please remove the PSF of Deportable Alien and afford me the aforesaid benefits and opportunities that I am entitled to.

Respectfully submitted,

Jasdev Singh

Jasdev Singh

Jasdev Singh, Reg. No.: 64003-097
ATTACHEMENT TO CCA FORM 14-5A (ATTEMPT TO INFORMAL RESOLUTION)
Improvident Classification of PSF of Deportable Alien
Attempt to Mitigate and Exhaust Administrative Remedies under
Federal Tort Claims Act and Prison Litigation Reform Act.
January 13, 2013
Page 6

```
                                  IONITORING              *     01-15-2013
PAGE 001          *               :ION DATA               *     16:32:45
                              AS OF 01-15-2013

REGNO..: 64003-097 NAME: SINGH, JASDEV

FBI NO...........: 18896AD3                    DATE OF BIRTH: 08-13-1975
ARS1.............: ACC/A-DES
UNIT.............: CHARLIE                     QUARTERS.....: C03-118L
DETAINERS........: YES                         NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 01-26-2014

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-26-2014 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, EASTERN DISTRICT
DOCKET NUMBER...................: 1:08CR00212-002
JUDGE...........................: WANGER
DATE SENTENCED/PROBATION IMPOSED: 07-11-2011
DATE COMMITTED..................: 10-07-2011
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00        $00.00          $2,000.00     $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:841(A)(1),841(B)(1)(A), AND 846 CONSPIRACY TO DISTRIBUTE
         AND TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    84 MONTHS
 TERM OF SUPERVISION............:    60 MONTHS
 DATE OF OFFENSE................: 06-20-2008
```

Inmate Copy

RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

G0002        MORE PAGES TO FOLLOW . . .

Grievance No.: 013-1404-0001

ONITORING * 01-15-2013
ION DATA * 16:32:45
AS OF 01-15-2013

RECEIVED
JAN 17 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

REGNO..: 64003-097 NAME: SINGH, JASDEV

-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-09-2011 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-12-2011 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-11-2011
TOTAL TERM IN EFFECT............: 84 MONTHS
TOTAL TERM IN EFFECT CONVERTED..: 7 YEARS
EARLIEST DATE OF OFFENSE........: 06-20-2008

JAIL CREDIT.....................: FROM DATE 06-20-2008 THRU DATE 07-10-2011

TOTAL PRIOR CREDIT TIME.........: 1116
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 329
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 07-26-2014
EXPIRATION FULL TERM DATE.......: 06-20-2015

PROJECTED SATISFACTION DATE.....: 07-26-2014
PROJECTED SATISFACTION METHOD...: GCT REL

Grievance No.: 013-1404-0001

RECEIVED
JAN 17 2013
ADAMS COUNTY
CORRECTIONAL CENT
GRIEVANCE OFFICE

REGNO..: 64003-097 NAME: SINGH, JASDEV

------------------------------ CURRENT DETAINERS: ----------------------------

DETAINER NO..: 001
DATE LODGED..: 12-07-2011
AGENCY.......: IMMIGRATION & NATURALIZATION
CHARGES......: POSSIBLE DEPORTATION A076868347

S0055 NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Exhibit 3

Grievance No.: 01381404 0001

RECEIVED
14-5B
JAN 17 2013
ADAMS COUNTY
CORRECTIONAL CENTER
GRIEVANCE OFFICE

# INMATE/RESIDENT GRIEVANCE

| FULL NAME: | JASDEV SINGH | | |
|---|---|---|---|
| NUMBER: | 64003097 | HOUSING ASSIGNMENT: | CC 118 L |

**INFORMAL RESOLUTION ATTACHED** (Not required for an emergency grievance)? ☐ YES ☐ NO

**GRIEVANCE CATEGORY (CIRCLE ONE):**

| | | |
|---|---|---|
| 1. Facility Staff | 8. Dental Services | 15. Housing |
| 2. Access to Legal Materials | 9. Mental Health Services | 16. Laundry |
| 3. Denied Access to Informal Resolution/Grievance Process | 10. Trust Account | 17. Recreation |
| 4. Reprisal for Using Informal Resolution/Grievance Process | 11. Commissary | 18. Visitation |
| 5. Safety/Security | 12. Food Service | 19. Programs-education, work, religious, etc. |
| 6. Sanitation | 13. Mail | (20) Violations of federal or state regulations, laws, court decisions (i.e. ADA or Constitutional rights) |
| 7. Medical Services | 14. Intake | 21. Other |

**STATE GRIEVANCE:** (Include documentation, witnesses, date of incident, and any other information pertaining to the grievance subject. Attach additional pages if necessary).

Please see attached.

**Requested Action:** (Attach additional pages if necessary)

Inmate/Resident's Signature: Jasdev Singh Date Submitted: 1-16-2013

14-5B

**RESPONDING STAFF MEMBER'S REPORT: (Attach additional pages if necessary. All pages must include the grievance number.)**

Inmate does have an active detainer

**RESPONDING STAFF MEMBER'S DECISION:** (Attach additional pages if necessary. All pages must include the grievance number.)

We do not have the authority to Remove your Immigration Detainer, however you can write to Immigration officals at the below address and they can assist you

830 Pine hill Road
Jena, LA 71342

Responding Staff Member's Printed Name: K. Lee Title: Records Manager

Responding Staff Member's Signature: K. Lee Date: 1-22-13

Inmate/Resident's Signature (upon receipt): Jasdev Singh Date: 1-28-13

**INMATE/RESIDENT APPEAL** (Attach additional pages if necessary. All pages must include the grievance number.)

PLEASE SEE ATTACHED.

RECEIVED
FEB 0 1 2013
ADAMS COUNTY CORRECTIONAL CENTER GRIEVANCE OFFICE

**WARDEN/ADMINISTRATOR'S DECISION:** (Attach additional pages if necessary. All pages must include the grievance number.)

SEE ATTACHED MEMO

Warden/Administrator's Signature: [signature] Date: 2/5/13

Inmate/Resident's Signature (upon receipt) J. Singh Date: 2-7-13

03/07

# Exhibit 4

## Memorandum

**To:** Singh, Jasdev, Reg. No. 64003-097 (CC 118L)

**From:** V. Laughlin, Warden

**Subject:** Inmate/Resident Grievance 013-1404-0001 Appeal Rejection

**Date:** February 04, 2013

---

This is in response to Inmate/Resident Grievance 013-1404-0001, signed and dated by you on January 16, 2013, and received in the Grievance Office on January 17, 2013 In the grievance you request "please remove the PSF of Deportable Alien and afford me the aforesaid benefits and opportunities that I am entitled to", you then listed a number of benefits that you wish to be accorded. On January 22, 2013, Records Manager Ms. K. Lee responded to your grievance. She explained that you do have an active ICE detainer and recommended that you contact ICE. She provided you with the ICE address in Jena, LA.

On February 01, 2013, you submitted an appeal to your grievance. However, you did not submit any additional information or arguments. In fact, your original grievance package was unchanged. As there are no further issues to address, your appeal is rejected.

You may exhaust your appeal by following the Administrative Remedy procedures as outlined in your Inmate Handbook.

Thank you for your cooperation.